Slip Op. 21-145

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **UNITED STATES,**<br><br>Plaintiff,<br><br>v.<br><br>**GREENLIGHT ORGANIC, INC. and PARAMBIR SINGH AULAKH,**<br><br>Defendants. | Before: Jennifer Choe-Groves, Judge<br><br>Court No. 17-00031 |

## OPINION AND ORDER

[Granting in part and denying in part Defendants' motion to compel Plaintiff to answer requests for admission.]

Dated: October 18, 2021

William Kanellis, Attorney, and Ashley Akers, Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Plaintiff United States. With them on the brief were Brian M. Boynton, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director.

Robert B. Silverman and Joseph M. Spraragen, Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP, of New York, N.Y., for Defendants Greenlight Organic, Inc. and Parambir Singh Aulakh.

Choe-Groves, Judge: This matter involves a discovery dispute in a claim brought under 19 U.S.C. § 1592. Plaintiff United States ("Plaintiff") brings this 19 U.S.C. § 1592 civil enforcement action seeking to recover unpaid duties and to

Case 1:17-cv-00031-JCG    Document 169    Filed 10/18/21    Page 2 of 18

Court No. 17-00031                                                                                            Page 2

affix penalties, alleging that Defendants Greenlight Organic, Inc. ("Greenlight") and Parambir Singh Aulakh ("Aulakh") (collectively, "Defendants") imported wearing apparel into the United States fraudulently. Second Am. Compl. ¶ 1, ECF No. 124. The statute, 19 U.S.C. § 1592, prohibits companies from making false statements or omitting material information in the course of importing merchandise into the United States through fraud, gross negligence, or negligence. See 19 U.S.C. § 1592(a)(1). Plaintiff alleges that Greenlight misclassified and undervalued its subject merchandise fraudulently in violation of the statute. Second Am. Compl. ¶¶ 21–22.

Before the court is the Motion to Compel Plaintiff to Provide Proper Answers to Defendants' Requests for Admission ("Motion to Compel" or "Mot. Compel"), ECF No. 155, filed by Defendants under USCIT Rule 36(a)(6) to determine the sufficiency of Plaintiff's answers and objections to Defendants' requests for admission. See also Mem. Supp. Defs.' Mot. Compel ("Defs.' Mem.") at 4, ECF No. 155-1. Defendants assert that in responding to Defendants' requests for admission, Plaintiff failed to comply with USCIT Rule 36 by objecting and making qualified denials to requests for admission numbers 1–43, 47–57, 59, 61–75, 77–104, and 107–116. Mot. Compel at 1. Defendants ask the Court to direct Plaintiff to provide sufficient answers or order that the matters are admitted, and award legal fees incurred in preparing the Motion to Compel. Id. at 2–3. Plaintiff

contends that it complied with USCIT Rule 36 in its answers and objections due to misleading or ambiguous wording, use of excerpts from documents taken out of context, and Plaintiff's inability to confirm the veracity of information due to destruction of corroborating records by Aulakh. United States' Opp'n Defs.' Mot. Compel ("Pl.'s Opp'n") at 1, ECF No. 161. For the following reasons, the Court grants in part and denies in part the Motion to Compel.

## BAGKGROUND

The Court presumes familiarity with the facts and procedural history and recounts briefly the procedural history for context. Plaintiff commenced this action against Greenlight on February 8, 2017. Summons, ECF No. 1; Compl., ECF No. 2. The Court denied Greenlight's motion for summary judgment because the record did not provide enough information to assess when Plaintiff first discovered Greenlight's fraud—whether in 2011, as Greenlight asserted, or in February 2012, as Plaintiff asserted—from which time the five-year statute of limitations began to run. See United States v. Greenlight Organic, Inc., 42 CIT __, __, 352 F. Supp. 3d 1312, 1313–14, 1315–16 (2018) (citing 19 U.S.C. § 1621).

Plaintiff filed the First Amended Complaint, adding Aulakh as a defendant and pleading additional facts with leave of the Court on April 2, 2019. See First Am. Compl., ECF No. 111. The Court granted Aulakh's motion to dismiss the First Amended Complaint for failure to state a claim upon which relief may be

granted, with judgment to be entered after forty-five days if Plaintiff did not file a second amended complaint.¹ United States v. Greenlight Organic, Inc., 43 CIT __, __, 419 F. Supp. 3d 1298, 1306 (2019).

Plaintiff filed the Second Amended Complaint on January 8, 2020. Second Am. Compl. The Court denied Aulakh's motion to dismiss on the theories that U.S. Customs and Border Protection ("Customs") failed to exhaust administrative remedies, the five-year statute of limitations had expired, and Plaintiff failed to plead fraud with particularity based on additional facts pleaded in the Second Amended Complaint.² United States v. Greenlight Organic, Inc., 44 CIT __, __, 466 F. Supp. 3d 1260, 1263–66 (2020). Aulakh argued that the five-year statute of limitations had run and Plaintiff asserted again that the Government discovered Defendants' fraudulent scheme in February 2012, when Aulakh first produced to Customs records from Greenlight showing evidence of a double-invoicing scheme. Id. at __, 466 F. Supp. 3d at 1264. The Court held that the Second Amended Complaint contained sufficient facts accepted as true to establish on its face that

---

¹ The Court granted the motion of Greenlight's counsel to withdraw its appearance in this matter. Order (Feb. 27, 2018), ECF No. 108. Greenlight had not retained counsel at the time of the Court's decision on Aulakh's motion to dismiss and did not join Aulakh's motion to dismiss. United States v. Greenlight Organic, Inc., 43 CIT __, __, 419 F. Supp. 3d 1298, 1301 n.1, 1306 (2019).

² Greenlight was not represented by counsel. United States v. Greenlight Organic, Inc., 44 CIT __, __, 466 F. Supp. 3d 1260, 1261 n.1 (2020).

Case 1:17-cv-00031-JCG   Document 169   Filed 10/18/21   Page 5 of 18
Court No. 17-00031                                                         Page 5

the Government discovered the fraudulent activity in February 2012, and the Complaint was filed within five years in February 2017. Id. at __, 466 F. Supp. 3d at 1265.

## JURISDICTION

The Court has jurisdiction over the underlying action pursuant to 28 U.S.C. § 1582.

## DISCUSSION

### I.   Legal Standards

USCIT Rule 36 permits a party to serve a request for admission on another party. USCIT R. 36(a)(1). When answering a request for admission:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

USCIT R. 36(a)(4). When objecting to a request for admission, "[t]he grounds for objecting to a request must be stated." USCIT R. 36(a)(5). To challenge responses:

> The requesting party may move to determine the sufficiency of an answer or objections. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does

not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.

USCIT R. 36(a)(6).

"The purpose of requests for admission[] is not necessarily to obtain information but to narrow the issue for trial." <u>Beker Indus. Corp. v. United States</u>, 7 CIT 361, 361 (1984) (citation omitted). The purpose of USCIT Rule 36, as with the corresponding Federal Rule of Civil Procedure Rule 36, "is to expedite trial by eliminating the necessity of proving essentially undisputed and peripheral issues." <u>See id.</u> at 362. "Rule 36 admissions are 'not to be used . . . in the hope that a party's adversary will simply concede essential elements.'" <u>Kahrs Int'l, Inc. v. United States</u>, 33 CIT 117, 121, 602 F. Supp. 2d 1352, 1357 (2009) (quoting <u>Conlon v. United States</u>, 474 F.3d 616, 622 (9th Cir. 2007)).

## II.     Requests for Admission Regarding Certain Entries and Vendors

Defendants assert that Plaintiff's responses to requests 1–33 are unacceptable because Plaintiff is able to admit the matters based on entry records in the possession of Customs, and Exhibits 1 and 2 filed by Plaintiff with the Second Amended Complaint. Defs.' Mem. at 8. Defendants explain that when a foreign vendor ships an entry package to Greenlight, Greenlight's broker prepares a customs entry form based on the commercial invoice and bill of lading. Id. at 8–9. Defendants explain further that "[t]he data received in all entry filings is

maintained by [Customs] in a data base that is available to [Customs] personnel." Id. at 9. In Defendants' view, Plaintiff is able to corroborate requests 1–33 with entry information available to Plaintiff in Customs' database. Id. at 8. Plaintiff responds that it does not have the ability to admit the matters in requests 1–33 because there is evidence that Defendants and their "co-conspirators submitted false documentation to the Government" and Defendants did not provide email communications with Greenlight's brokers or other internal records that may have allowed Plaintiff to verify the information in requests 1–33. Pl.'s Opp'n at 9–10.

Requests 1–3, 8–9, 14–15, 19–20, 24–25, and 29–30 ask Plaintiff to admit facts related to certain entries. See Defs.' Objs. Pl.'s Resps. Defs.' [Reqs. Admis.] ("Ex. B"), ECF No. 155-3. As an example of Plaintiff's responses to requests 1–3, 8–9, 14–15, 19–20, 24–25, and 29–30, request 1 states and Plaintiff responds, in relevant part:

> 1. Admit that entry numbers 408-1163899-5 . . . covered goods purchased by Greenlight from Rajlakshmi Cotton Mills PVT. Ltd. ("Rajlakshmi") in India.
>
> Response. Plaintiff objects because . . . defendants GREENLIGHT, AULAKH, and/or their co-conspirators destroyed, spoliated, or otherwise failed to disclose the GREENLIGHT records which would allow for a meaningful response as to the contents of the entries. Otherwise, denied.

Id. at 1–2.

Plaintiff brings this case based on allegations that Defendants conspired with

one of Greenlight's foreign vendors, One Step Ahead, to make false statements to Customs, and that Defendants created a second falsified set of invoices for purchases from One Step Ahead. See Second Am. Compl. ¶¶ 9, 12–14, 17, 21. Plaintiff also explains that Defendants blame Greenlight's brokers. See Pl.'s Opp'n at 9. Thus, there are allegations of falsified invoices and false statements by Defendants, one of Greenlight's foreign vendors, and possibly Greenlight's brokers. As Defendants explain, the information in Customs' database, from which the information in Exhibits 1 and 2 is derived, reflects information provided in commercial invoices and prepared by Greenlight's brokers. It seems to be Plaintiff's position that due to the allegations of false statements, Plaintiff does not assume the veracity of any information provided by Defendants, Greenlight's foreign vendors, or Greenlight's brokers without corroborating documentation, which Defendants have not provided to Plaintiff. See id. at 9–10. Because Plaintiff asserts an inability to answer due to lack of corroborating documentation, Plaintiff's objections are akin to "assert[ions] [of] lack of knowledge or information as a reason for failing to admit or deny . . . and that the information it knows or can readily obtain is insufficient to enable it to admit or deny" under USCIT Rule 36(a)(4). The Court concludes that Plaintiff's objections to requests 1–3, 8–9, 14–15, 19–20, 24–25, and 29–30 are justified or are sufficient answers based on lack of knowledge or information.

Requests 4, 10, 16, 21, 26, and 31 ask Plaintiff to admit that Customs' claims in this case exclude goods from respective vendors or manufacturers. See Ex. B. As an example of Plaintiff's responses to requests 4, 10, 16, 21, 26, and 31, request 4 states and Plaintiff responds, in relevant part:

> 4. Admit that [Customs] has no fraud claim against Greenlight that the Rajlakshmi goods should have been entered as knit goods.
>
> Response. Plaintiff objects because (1) defendants' statement, "[Customs] has no fraud claim against Greenlight that the Rajlakshmi goods should have been entered as knit goods[,]" *sic erat scriptum*, is incoherent and prevents a meaningful response, and (2) defendant's use of the term "fraud claim" is ambiguous, as it involves a legal question that is capable of multiple definitions, and otherwise misstates the basis of the fraud alleged against GREENLIGHT and AULAKH in the second amended complaint. Otherwise, because GREENLIGHT, AULAKH, and/or their co-conspirators destroyed, spoliated, or otherwise failed to disclose the GREENLIGHT records which would allow for a meaningful examination . . . , denied.

Id. at 4.

"The purpose of requests for admission[] is . . . to narrow the issue for trial." Beker Indus. Corp., 7 CIT at 361 (citations omitted). The Second Amended Complaint refers to "a manufacturer in Vietnam" and names only one manufacturer, "One Step Ahead, the Vietnamese manufacturer of wearing apparel." See Second Am. Compl. ¶¶ 6, 9, 13–15. Defendants assert that "a number of entries which are purported to be included in this case [] are not covered by the allegations of misclassification and/or undervaluation in the complaint" or

Exhibits 1 and 2.  See Defs.' Mem. at 8.  Plaintiff initiated this action and is able to answer, including by admitting, qualifying, or denying with specificity and in good faith, whether the issues can be narrowed to exclude vendors or manufacturers other than One Step Ahead.  The Court concludes that Plaintiff's objections to requests 4, 10, 16, 21, 26, and 31 are not justified.  Plaintiff shall answer pursuant to USCIT Rule 36.  See USCIT R. 36(a)(4) ("[W]hen good faith requires that a party qualify an answer or deny only a part of the request, the answering party must specify the part admitted and qualify or deny the rest."); see also USCIT R. 37(a)(3) ("[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.").

Requests 5–7, 11–13, 17–18, 22–23, 27–28, and 32–33 ask Plaintiff to admit that Exhibits 1 and 2 list or provide or do not list or provide information related to entries of goods from respective vendors or manufacturers.  See Ex. B.  As an example of Plaintiff's responses to requests 5–7, 11–13, 17–18, 22–23, 27–28, and 32–33, request 5 states and Plaintiff responds, in relevant part:

> 5. Admit [that] Exhibit 1 to the second amended complaint (Court Doc 124) does not list any of the Rajlakshmi goods as having been fraudulently entered as woven goods.
>
> Response.  Plaintiff objects because of defendants' use of "Rajlakshmi goods," for reasons stated in responses to requests for admission 1 and 2, and because defendant[s] mischaracterize[] the purpose of Exhibit 1 to the second amended complaint, which was not to identify goods which were "fraudulently entered," but rather, to identify entries and

>   the classification for those entries, which were based upon the
>   incomplete records supplied by GREENLIGHT and AULAKH.
>   Plaintiff also objects because GREENLIGHT, AULAKH, and/or their
>   co-conspirators destroyed, spoliated, or otherwise failed to disclose the
>   GREENLIGHT records which would allow for a meaningful
>   examination . . . .

Id. at 5.

Exhibits 1 and 2 were filed by Plaintiff with the Second Amended Complaint. Exhibit 1 is a spreadsheet that Plaintiff described as identifying "[t]he specific date of entry, price, and factual circumstances" of the 148 entries from a manufacturer in Vietnam about which Plaintiff alleges that Defendants made material false statements. Second Am. Compl. ¶¶ 6–7. Exhibit 2 is a spreadsheet that Plaintiff described as identifying "[e]ntries for which AULAKH and GREENLIGHT created two sets of invoices, including the date of entry and the factual circumstances relating to each entry." Id. ¶¶ 12, 15. Plaintiff filed Exhibits 1 and 2 and Plaintiff is able to answer concerning information as listed or provided or not listed or provided in Exhibits 1 and 2. The Court concludes that Plaintiff's objections to requests 5–7, 11–13, 17–18, 22–23, 27–28, and 32–33 are not justified. Plaintiff shall answer pursuant to USCIT Rule 36. See USCIT R. 36(a)(4); see also USCIT R. 37(a)(3).

### III. Terms and Phrases in Certain Requests for Admission

Defendants assert that Plaintiff's answers and denials to requests 1, 4, 7–8,

10, 14, 16–19, 21, 23–24, 26, 28–29, 31, 33, 36–38, 40–42, 48–51, 53–54, and 71–72 based on ambiguity of terms or phrases are insufficient. Defs.' Mem. at 11–13.

Plaintiff objected to the use of the terms "covered" or "covered by" as ambiguous in requests 1, 8, 14, 19, 24, and 29. Ex. B at 2, 8, 12, 16, 20, 24. The Court concluded above that Plaintiff's objections to requests 1, 8, 14, 19, 24, and 29 were justified and does not consider Plaintiff's objections to the terms "covered" or "covered by."

Plaintiff objected to the use of the terms "freight charges," "international freight charges," "vendors," and "international freight deductions" in requests 37–38 and 40–42; the term "CIF USA port terms" in requests 40 and 41; and the term "FOB foreign port terms" in request 42. Ex. B at 30–33. Defendants argue that the terms are "commonly used industry terms" that both parties have used "throughout this litigation without issue." Defs.' Mem. at 12.

As an example of Plaintiff's responses to requests 37–38 and 40–42, request 37 states and Plaintiff responds:

> 37. Admit that Greenlight's payments for customs duties and freight charges were not separately identified on Greenlight's tax returns.
>
> Response. Plaintiff objects because defendants' request for admission uses terms that are ambiguous, such as "freight charges," because defendants['] question is overbroad, and because the Government does not possess the GREENLIGHT tax returns to allow it to answer this request for admission. Otherwise, denied.

Ex. B at 30. Plaintiff's objection to request 37 because it does not possess Greenlight's tax returns is akin to an "assert[ion] [of] lack of knowledge or information as a reason for failing to admit or deny . . . and that the information it knows or can readily obtain is insufficient to enable it to admit or deny" under USCIT Rule 36(a)(4). The Court concludes that Plaintiff's objection to request 37 is justified or is a sufficient answer based on lack of knowledge or information.

For responses 38 and 40–42, Plaintiff also objected "because GREENLIGHT, AULAKH, and/or their co-conspirators destroyed, spoliated, or otherwise failed to disclose the GREENLIGHT records which would allow for a response to this request for admission." Ex. B at 31–33. For the reasons discussed above, Plaintiff's objections to requests 38 and 40–42 are justified or are sufficient answers based on lack of knowledge or information.

Plaintiff objected to the following terms related to fraud—"fraud claim," "fraudulent undervaluation," "undervaluation details," "details of undervaluation," "fraudulent misclassification and undervaluation," "fraudulent customs undervaluation and fraudulent consumer product misstatements," "fraudulent customs undervaluation," "fraudulently entered as woven goods," and "details for any double payments"—in requests 4, 7, 10, 16–18, 21, 23, 26, 28, 31, 33, 48–51, 53–54, and 71–72. Defs.' Mem. at 13. Defendants argued that "[t]he Government's ambiguity claim regarding these phrases is without merit as they are

the basis for [its] entire case before this Court." Id. The Court concluded above that Plaintiff is able to and shall answer requests 4, 7, 10, 16–18, 21, 23, 26, 28, 31, and 33 because they relate to Plaintiff's allegations and exhibits.

Requests 48–51 and 53–54 ask Plaintiff to respond concerning information as identified or not identified in Exhibit 2 filed with Plaintiff's Second Amended Complaint. See Ex. B. Requests 48–51 and 53–54 state:

> 48. Admit that Exhibit 2 to Plaintiff's Second Amended Complaint does not identify details for any double payments or for any undervaluation for Greenlight entries filed in 2008 or 2009.
>
> 49. Admit that Exhibit 2 to Plaintiff's Second Amended Complaint identifies double invoicing and/or undervaluation details for only some of Greenlight's entries of goods purchased from One Step Ahead which were filed in 2010.
>
> 50. Admit that Exhibit 2 to Plaintiff's Second Complaint does not identify double invoicing and/or undervaluation details for Greenlight entries of goods purchased from vendors other than One Step Ahead which were filed in 2010.
>
> 51. Admit that the 2010 entries in Exhibit 2 for which details of undervaluation have been provided account for 18.98% of entered value for Greenlight's entries filed in 2010.
>
> 53. Admit that Exhibit 2 to Plaintiff's Second Complaint identifies undervaluation details for only some of Greenlight's entries of goods purchased from One Step Ahead which were filed in 2011, and Greenlight entry WLQ 1101356-2 of goods purchased from Rajlakshmi, and Greenlight entry WLQ 1101344-8 of goods purchased from Chau Thy.
>
> 54. Admit that the 2011 entries in Exhibit 2 for which details of undervaluation have been provided account for 39.41% of entered

value for Greenlight's entries filed in 2011. Id. at 34–38.

Exhibit 2 is a spreadsheet that Plaintiff filed, and Plaintiff described as identifying "[e]ntries for which AULAKH and GREENLIGHT created two sets of invoices, including the date of entry and the factual circumstances relating to each entry." Second Am. Compl. ¶ 12. Exhibit 2 has five columns grouped together under the title "Payment (Double) Invoice." Id. Ex. 2. Exhibit 2 also has a "Legend" for color-coded cells of the spreadsheet for "Qty differences between 1st and 2nd invoices," "Unit price in 2nd invoice was lower than the 1st invoice," and "Total payment does not match 2nd invoice." Id. The "Legend" includes "NOTE: This worksheet only shows details for those entries where the 2nd invoices and/or payment records were provided." Id. Plaintiff filed Exhibit 2 and Plaintiff is able to answer requests 48–51 and 53–54 concerning information as identified or not identified in Exhibit 2. The Court concludes that Plaintiff's objections to requests 48–51 and 53–54 are not justified. Plaintiff shall answer pursuant to USCIT Rule 36. See USCIT R. 36(a)(4); see also USCIT R. 37(a)(3).

The Court's discussion of Plaintiff's objections to requests 71–72 is included below.

## IV. Requests for Admission Regarding the Government's Investigation

Requests 69–116 relate to the investigation into Greenlight's activities as presented in documents that were produced in discovery by Plaintiff. See Defs.' Mem. at 13, 15; Ex. B at 45–71. Defendants challenge the sufficiency of Plaintiff's responses to requests 69–75, 77–104, and 107–116. Mot. Compel at 1. As an example of Plaintiff's objections to requests 69–75, 77–90, 92–104, 107–109, and 111–116, request 69 states and Plaintiff responds:

> 69. Admit that on or about May 31, 2011, U.S. Immigration and Customs Enforcement ("ICE") received a complaint that alleged fraudulent customs undervaluation and fraudulent consumer product misstatements by Greenlight. (DOC# US0000001-US0000012).
>
> Response. The Government objects because this request for admission misstates or mischaracterizes the contents of the document cited, and does not properly reflect the context of the document in relation to other contemporaneous documents. Otherwise, denied.

Ex. B at 45. Request 91 states and Plaintiff answers:

> 91. Admit that on or about September 26, 2011[,] ICE sought investigative assistance from the ICE Attaché in Vietnam relating to the investigation of Greenlight undervaluation and misclassification. (DOC# US0012011-US0012012).
>
> Response. The Government admits that in September 2011, HSI sought assistance from an HSI attache in Vietnam relating to GREENLIGHT. Otherwise, denied.

Id. at 57. Request 110 states and Plaintiff answers:

> 110. Admit that on December 14, 2012, [Customs] Field Director,

> Office of Regulatory Audit, San Francisco[,] CA transmitted the results of audit report number 811-12-ATIAU-23550 to ICE Supervisory Special Agent Kevin Glazner, Oakland[,] CA. (DOC# US0002253-US0002304).
>
> Response.  Plaintiff admits that on or about December 14, 2012, [Customs] Regulatory Audit communicated with HSI Supervisory Special Agent Kevin Glazner relating to an audit of GREELIGHT. Otherwise, denied.

Id. at 66–67.

Defendants assert that Plaintiff's objections and answers to requests 69–75, 77–104, and 107–116 based on ambiguity, mischaracterization, misstatement, and/or lack of context are insufficient.  Defs.' Mem. at 15.  In Defendants' view, "an item-by-item review of each request for admission and government response thereto demonstrates the lengths to which plaintiff went to deny the obvious - that the statute of limitations ran before plaintiff filed its complaint in this case."  Id. Plaintiff counters that the parties disagree regarding the date that fraud was discovered, from which the statute of limitations would begin to run, and requests 69–116 are Defendants' attempt to settle this dispute through the inappropriate medium of requests for admission.  Pl.'s Opp'n at 14–16.

The purpose of requests for admission is to identify undisputed facts or issues, see Beker Indus. Corp., 7 CIT at 362, not to confront an opposing party into conceding an essential fact or issue, see Kahrs Int'l, 33 CIT at 121, 602 F. Supp. 2d at 1357 (quoting Conlon, 474 F.3d at 622).  The date of discovery of fraud is a

disputed and potentially dispositive issue. Even if Defendants interpret documents related to communications and investigations to readily establish the date of discovery of fraud, Plaintiff is not required to admit to Defendants' interpretation of the facts. The Court concludes that Plaintiff's objections and answers to requests 69–75, 77–104, and 107–116 are justified and sufficient due to the disputed contents and context of the referenced documents.

    **V.**    **Request for Attorney's Fees**

Because Plaintiff's objections were substantially justified, the Court does not order payment of attorney's fees. See USCIT R. 37(a)(4)(A)(ii).

## CONCLUSION

Upon consideration of the Motion to Compel, and all other papers and proceedings in this action, it is hereby

**ORDERED** that the Motion to Compel, ECF No. 155, is granted in part and denied in part; and it is further

**ORDERED** that Plaintiff shall serve amended answers to requests 4–7, 10–13, 16–18, 21–23, 26–28, 31–33, 48–51, and 53–54 on opposing counsel on or before November 5, 2021.

    /s/ Jennifer Choe-Groves
    Jennifer Choe-Groves, Judge

Dated:   October 18, 2021
         New York, New York