Slip Op. 22-87

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES, <br><br> Plaintiff, <br><br> v. <br><br> GREENLIGHT ORGANIC, INC. and PARAMBIR SINGH AULAKH, <br><br> Defendants. | Before: Jennifer Choe-Groves, Judge <br><br> Court No. 17-00031 |

## OPINION AND ORDER

[Denying Defendants' motion for summary judgment.]

Dated: August 4, 2022

William G. Kanellis and Ashley Akers, Attorneys, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Plaintiff United States. With them on the brief were Brian M. Boynton, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director.

Robert B. Silverman, Joseph M. Spraragen, and Robert F. Seely, Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP, of New York, N.Y., for Defendants Greenlight Organic, Inc. and Parambir Singh Aulakh.

Choe-Groves, Judge: Plaintiff United States ("Plaintiff") brings this 19 U.S.C. § 1592 civil enforcement action seeking to recover unpaid duties and to affix penalties, alleging that Defendants Greenlight Organic, Inc. ("Greenlight") and Parambir Singh Aulakh ("Aulakh") (collectively, "Defendants") imported

wearing apparel into the United States fraudulently.  Second Am. Compl. ¶ 1, ECF No. 124.  The statute 19 U.S.C. § 1592 prohibits companies from making false statements or omitting material information in the course of importing merchandise into the United States through fraud, gross negligence, or negligence.  See 19 U.S.C. § 1592(a)(1).  Plaintiff alleges that Greenlight misclassified and undervalued its subject merchandise fraudulently in violation of the statute.  Second Am. Compl. ¶¶ 21–22.

Before the Court is the Motion for Summary Judgment ("Defs.' Mot."), ECF No. 157, filed by Defendants.  See also Mem. Law Supp. Defs.' Mot. Summ. J. ("Defs.' Mem."), ECF No. 157-1.  This is Defendants' third dispositive motion challenging the statute of limitations, but unlike the previous two motions, this motion was filed after the Parties completed discovery.  Defendants argue that Plaintiff's fraud action is time-barred by the five-year statute of limitations set forth in 19 U.S.C. § 1621.  See Defs.' Mot. at 1; Defs.' Mem. at 35–36; Defs.' [Corrected] Reply Pl.'s Opp'n Defs.' Mot. Summ. J. at 1, ECF No. 168.  Plaintiff contends that the action was initiated timely because the statute of limitations did not begin to run until February 2012 when the Government first obtained evidence of double invoicing from Greenlight.  United States' Opp'n Defs.' Second Mot.

Summ. J. ("Pl.'s Opp'n") at 2, ECF No. 162.¹  For the following reasons, the Court denies the Motion for Summary Judgment.

**JURISDICTION AND STANDARD OF REVIEW**

The Court has jurisdiction pursuant to 28 U.S.C. § 1582.  The Court will grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." USCIT R. 56(a).  To raise a genuine issue of material fact, a party cannot rest upon mere allegations or denials and must point to sufficient supporting evidence for the

---

¹ Plaintiff filed its untimely response to the Motion for Summary Judgment eighteen days late on September 7, 2021.  Docket Entry, ECF No. 162.  Plaintiff explains that it relied on the ECF email notification that reflected a due date for the response by September 7, 2021 because the thirty-five-day period was consistent with the time period for parties to respond to dispositive motions pursuant to USCIT Rule 7[(d)].  United States' Resp. Court's Sept. 10, 2021 Order and Mot. File out of Time at 1, ECF No. 165.  Plaintiff further explains that although the docket entry was subsequently amended to reflect the earlier due date, Plaintiff did not receive a notification of the change, was not aware of the change, and "believed the due date to be settled."  Id. at 1–2.
     USCIT Rule 7 provides a thirty-five-day period to respond to dispositive motions "[u]nless otherwise prescribed . . . by order of the court."  USCIT R. 7(d). In an opinion issued on March 30, 2021, the Court ordered that responses to dispositive motions be filed on or before August 20, 2021.  United States v. Greenlight, Organic, Inc., 45 CIT __, __, 503 F. Supp. 3d 1269, 1277 (2021).  ECF email notifications reflect automatically generated deadlines that are consistent with the Rules of the U.S. Court of International Trade.  ECF email notifications do not have the effect, however, of amending or superseding court orders.  In the interest of full consideration of the merits, the Court will accept Plaintiff's untimely response, but notes that court ordered dates supersede dates generated automatically by ECF.

claimed factual dispute to require resolution of the differing version of the truth at trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986); Processed Plastic Co. v. United States, 473 F.3d 1164, 1170 (Fed. Cir. 2006) (citation omitted).

## PROCEDURAL BAGKGROUND

The Court presumes familiarity with the procedural history and recounts briefly the procedural history for context. See United States v. Greenlight Organic, Inc. ("Greenlight I"), 42 CIT __, __, 352 F. Supp. 3d 1312, 1313–14 (2018); United States v. Greenlight Organic, Inc. ("Greenlight II"), 43 CIT __, __, 419 F. Supp. 3d 1298, 1301–02 (2019); United States v. Greenlight Organic, Inc. ("Greenlight III"), 44 CIT __, __, 466 F. Supp. 3d 1260, 1262–63 (2020).

Plaintiff commenced this action against Greenlight on February 8, 2017. Summons, ECF No. 1; Compl., ECF No. 2. The Court denied Greenlight's first motion for summary judgment, in which Greenlight argued that the action was time-barred by the five-year statute of limitations, because the record did not provide enough information to assess when Plaintiff first discovered Greenlight's fraud—whether in 2011, as Greenlight asserted, or in February 2012, as Plaintiff asserted—from which time the five-year statute of limitations began to run. See Greenlight I, 42 CIT at __, 352 F. Supp. 3d at 1313–14, 1315–16 (citing 19 U.S.C. § 1621). The Court explained:

> The record on summary judgment does not provide the court with enough information to assess when the Government first had knowledge of Greenlight's fraudulent activities. For example, the record does not demonstrate clearly whether the Government had knowledge of Greenlight's intent to defraud the revenue or otherwise violate the laws of the United States when the Government discovered Greenlight's misclassification of its entries in 2011. More facts are needed to ascertain when the Government first had knowledge of Greenlight's fraudulent misclassification and undervaluation activities, including when the Government began to suspect a potential double[]invoicing scheme and when the Government had knowledge of an intent to defraud with respect to the misclassification of entries.

Id. at __, 352 F. Supp. 3d at 1315–16.

Plaintiff filed the First Amended Complaint, adding Aulakh as a defendant and pleading additional facts, with leave of the Court on April 2, 2019. See First Am. Compl., ECF No. 111. The Court granted Aulakh's motion to dismiss the First Amended Complaint for failure to state a claim upon which relief may be granted, with judgment to be entered after forty-five days if Plaintiff did not file a second amended complaint.[2] Greenlight II, 43 CIT at __, 419 F. Supp. 3d at 1306.

Plaintiff filed the Second Amended Complaint on January 8, 2020. Second Am. Compl. The Court denied Aulakh's motion to dismiss the Second Amended

---

[2] The Court granted the motion of Greenlight's counsel to withdraw their appearance in this matter. Order (Feb. 27, 2019), ECF No. 108. Greenlight had not retained counsel at the time of the Court's decision on Aulakh's motion to dismiss and did not join Aulakh's motion to dismiss. Greenlight II, 43 CIT at __, 419 F. Supp. 3d at 1301 n.1, 1306.

Complaint, in which Aulakh argued for dismissal on the theories that U.S. Customs and Border Protection ("Customs") failed to exhaust administrative remedies, the five-year statute of limitations had expired, and Plaintiff failed to plead fraud with particularity based on additional facts pleaded in the Second Amended Complaint.[3] Greenlight III, 44 CIT at __, 466 F. Supp. 3d at 1263–66. Aulakh argued that the five-year statute of limitations had run, and Plaintiff asserted again that the Government discovered Defendants' fraudulent scheme in February 2012, when Aulakh first produced to Customs records from Greenlight showing evidence of a double invoicing scheme. Id. at __, 466 F. Supp. 3d at 1264. The Court held that the Second Amended Complaint contained sufficient facts accepted as true to establish on its face that the Government discovered the fraudulent activity in February 2012 and the Complaint was filed within five years in February 2017. Id. at __, 466 F. Supp. 3d at 1265.

## UNDISPUTED FACTS

The following facts are not in dispute.

Leslie Jordan is the principal of Leslie Jordan, Inc. ("LJI"), a business and manufacturer of apparel that was a competitor of Greenlight. The United States'[] Rule 56.3 Statement of Issues of Material Fact ("Pl.'s SMF") ¶ B.1, ECF No. 162-

---

[3] Greenlight was not represented by counsel. Greenlight III, 44 CIT at __, 466 F. Supp. 3d at 1261 n.1.

1; see Defs.' USCIT R. 56.3 Statement of Material Facts Not in Issue ("Defs.' SMF") ¶ 1, ECF No. 157-1. By Letter of May 31, 2011, Ms. Jordan sent a "complaint" to U.S. Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), that described Greenlight's alleged misconduct. Defs.' SMF ¶ 2 (citing Ex. B); Pl.'s SMF ¶ B.1.

In September 2011, HSI Special Agent Sean Lafaurie sought assistance from Customs Regulatory Audit to evaluate the allegations of undervaluation and misclassification. Pl.'s SMF ¶ B.9 (citing Ex. 6); see Defs.' SMF ¶ 5 (citing Ex. E).

Customs testing showed that sample merchandise was classified mistakenly as "woven" rather than "knit." Pl.'s SMF ¶ B.13 (citing Soo Hoo Decl. ¶ 5); Defs.' SMF ¶ 7.

By email of October 26, 2011, Customs provided a calculated loss of revenue. Defs.' SMF ¶ 7 (citing Ex. G); Pl.'s SMF ¶¶ B.10, B.14.

On December 6, 2011, Customs Supervisory Import Specialist Tonda Fuller issued a Customs Form 28 "Request for Information" to Greenlight, seeking import data. Defs.' SMF ¶ 15 (citing Ex. K); Pl.'s SMF ¶ B.16 (citing Ex. 9).

On December 19, 2011, Customs and HSI interviewed Greenlight officials Monika Gill and Aulakh at Greenlight's office. Defs.' SMF ¶ 17 (citing Exs. L, M); Pl.'s SMF ¶ B.17 (citing Ex. 11). Greenlight was served with a Department of

Homeland Security Summons or subpoena, requesting documents including shipping documents, commercial invoices, and receipts of payment related to the importation of goods into the United States. Defs.' SMF ¶ 17 (citing Exs. L, M); Pl.'s SMF ¶ B.17 (citing Ex. 12).

## DISCUSSION

Defendants argue that the date of discovery in this fraud investigation from which the five-year statute of limitations began to run was either: (1) May 31, 2011, when Leslie Jordan provided her complaint to ICE and ICE began to (informally) investigate Greenlight; (2) October 31, 2011, when ICE opened a formal investigation; or (3) December 19, 2011, when Customs opened a formal investigation. Defs.' Mem. at 21. Plaintiff contends that the Government discovered evidence of fraud no earlier than February 9, 2012, when Greenlight first produced some of its internal business records showing double invoicing. Pl.'s Opp'n at 5.

For fraudulent civil penalty enforcement actions brought under 19 U.S.C. § 1592, the statute sets forth a five-year statute of limitations for commencing a case:

> [N]o suit or action (including a suit or action for restoration of lawful duties under subsection (d) of such sections) may be instituted unless commenced within 5 years after the date of the alleged violation or, *if such violation arises out of fraud, within 5 years after the date of discovery of fraud* . . . .

19 U.S.C. § 1621(1) (emphasis added). The language "within 5 years after the date of discovery of fraud" invokes the discovery rule, which tolls the statute of limitations period until the date of discovery of fraud. See United States v. Spanish Foods, Inc., 24 CIT 1052, 1056, 118 F. Supp. 2d 1293, 1297 (2000) (quoting United States v. Ziegler Bolt & Parts Co., 19 CIT 13, 17 (1995)). The statute, regulations, and opinions of the U.S. Court of Appeals for the Federal Circuit do not define discovery of fraud under 19 U.S.C. § 1621(1).

In United States v. Spanish Foods, Inc. ("Spanish Foods I"), 24 CIT 1052, 118 F. Supp. 2d 1293 (2000), the court defined the date of discovery of fraud as "the date when the plaintiff first learns of the fraud or is sufficiently on notice as to the possibility of fraud to discover its existence with the exercise of due diligence," 24 CIT at 1056, 118 F. Supp. 2d at 1297 (quoting United States v. Modes, Inc., 16 CIT 879, 887, 804 F. Supp. 360, 368 (1992)) (other citations omitted). In United States v. Spanish Foods, Inc. ("Spanish Foods II"), 25 CIT 108, 131 F. Supp. 2d 1374 (2001), the court explained, based on the caselaw of various jurisdictions, that "[t]he state of being sufficiently on notice for the purpose of the discovery of fraud has been defined by case law to mean the state at which a party comes to obtain knowledge of the fraud or such information on the basis of which the fraud could be detected with reasonable diligence." 25 CIT at 112–13, 131 F. Supp. 2d

at 1378–79 (citing Urland v. Merrell-Dow Pharms., Inc., 822 F.2d 1268 (3d Cir. 1987); Rosner v. Codata Corp., 917 F. Supp. 1009 (S.D.N.Y. 1996); Augusta Bank & Tr. v. Broomfield, 231 Kan. 52, 643 P.2d 100 (Kan. 1982); Salem Sand & Gravel Co. v. Salem, 260 Or. 630, 492 P.2d 271 (Or. 1971)). "Reasonable diligence" does not imply the duty to investigate mere suspicions," but instead provides an inquiry determining "when Customs came in possession of information or knowledge of facts that: (1) amounted to more than a mere suspicion; and (2) could have led a man of ordinary prudence to learn of the fraud or the possibility of fraud under the particular circumstances." Id. at 113, 131 F. Supp. 2d at 1379.

Defendants assert that "the date of discovery in this fraud investigation" was May 31, 2011, when Leslie Jordan provided her complaint to ICE and ICE began to investigate Greenlight. Defs.' Mem. at 21. Defendants argue that, as in Spanish Foods II, in which the court held that the date of discovery was the date of the meeting between the informer and Customs, the date of discovery in this case occurred when Ms. Jordan sent "written materials to ICE . . . that provided specific factual information"—"her name, the name of her company, the names of vendors who were undervaluing shipments to Greenlight, their method of undervaluation, and entry-specific details about those shipments which related to her claim of undervaluation and product misdescription[—which] ultimately resulted in the

instant action." Id. at 23–24.

Defendants' reliance on Spanish Foods II in proposing May 31, 2011 as the date of discovery of fraud is misplaced. The Spanish Foods II court concluded that the date of the meeting between the informer and Customs was the date of discovery of fraud because "[the informer] provided [Customs] with the double invoicing documents" at that meeting. See Spanish Foods II, 25 CIT at 117, 131 F. Supp. 2d at 1383. As the U.S. Court of Appeals for the Federal Circuit has upheld, double invoicing is a basis for a finding of fraudulent intent. United States v. Inn Foods, Inc., 560 F.3d 1338, 1344 (Fed. Cir. 2009). The undisputed facts do not establish that Ms. Jordan's complaint alleged fraudulent intent, and contrary disputed facts suggest that Customs received double invoicing documents in 2012. Viewed in the light most favorable to Plaintiff, the undisputed facts do not establish that discovery of fraud occurred on May 31, 2011, when Ms. Jordan first provided information about Greenlight to the Government.

Defendants argue next, applying the Government's (unsuccessful) position from Spanish Foods II that the date of discovery occurred when Customs opened a formal investigation of the importer, that "there is no escape from the conclusion that the date of discovery in this case is October 31, 2011, when ICE opened a formal criminal undervaluation and misdescription case against Greenlight." Defs.' Mem. at 25. Similarly, Defendants' third proposed date of discovery of

fraud is December 19, 2011, when Customs opened a formal investigation of Greenlight. Id. at 25, 35. Defendants assert that "several important Government publications clearly state that the date of discovery begins to run in a customs fraud case when a formal investigation is opened by ICE and/or [Customs]." Id. at 21, 32–34 (citing Exs. KK (DHS OI Commercial Trade Fraud Investigations Handbook (OI HB 07-03, Dec. 3, 2007)), LL (ICE Investigations: Mission Roles in Multi-Agency Areas of Responsibility (Aug. 2007)), MM (ICE OI Case Management Handbook (OI HB 08-02, Feb. 1, 2008)), NN (The ABC's of Prior Disclosure, U.S. Customs Informed Compliance Publication (May 2001))). Plaintiff contends that the discovery of fraud occurred in February 2012 when the Government first obtained evidence of double invoicing from Greenlight. Pl.'s Opp'n at 2.

The Parties dispute the underlying facts of whether the Government opened a formal criminal case against Greenlight on October 31, 2011, or a formal investigation of Greenlight on December 19, 2011. The Parties also dispute what information the Government knew about Greenlight's fraudulent intent on May 31, 2011, October 31, 2011, and December 19, 2011. The Parties agree upon very few facts and the Court can only consider undisputed facts, not disputed facts, for summary judgment. Determining when a statute of limitations begins to run is a fact-specific inquiry. Greenlight I, 43 CIT at __, 352 F. Supp. 3d at 1315 (citing

Spanish Foods I, 24 CIT at 1056, 118 F. Supp. 2d at 1297–98).  The question of when a plaintiff discovered fraud is not one that often lends itself to resolution by way of summary judgment.  The Court notes that there are more disputed material facts with respect to the statute of limitations than undisputed facts.  The few undisputed facts agreed upon by the Parties do not establish that May 31, 2011, October 31, 2011, or December 19, 2011 was the date of discovery of fraud as alleged in Defendants' Motion for Summary Judgment.  The Court observes that contrary disputed evidence suggests that discovery of fraud may have occurred in February 2012 when the Government first obtained evidence of double invoicing by Greenlight.

## CONCLUSION

For the aforementioned reasons, the Court concludes that the undisputed facts viewed in the light most favorable to non-movant Plaintiff do not establish that the date of discovery of fraud occurred on May 31, 2011, October 31, 2011, or December 19, 2011, as asserted by Defendants.  The Court denies Defendants' Motion for Summary Judgment.

Accordingly, it is hereby

**ORDERED** that The United States' Response to the Court's September 10, 2021 Order and Motion to File out of Time, ECF No. 165, is granted; and it is further

**ORDERED** that the Motion for Summary Judgment, ECF No. 157, is denied; and it is further

**ORDERED** that the Parties shall file a joint proposed pre-trial order with the Court on or before September 19, 2022. If the Parties are unable to agree on a joint proposed pre-trial order, the Parties shall file separate proposed orders with the Court on or before September 19, 2022.

    /s/ Jennifer Choe-Groves
    Jennifer Choe-Groves, Judge

Dated:    August 4, 2022
        New York, New York