UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES,  ) | |
| ) | |
| Plaintiff,  ) | Before: Jennifer Choe-Groves, Judge |
| ) | |
| v.  ) | Court No. 17-00031 |
| ) | |
| GREENLIGHT ORGANIC, INC.,  ) | |
| ) | |
| and  ) | |
| ) | |
| PARAMBIR SINGH "SONNY" AULAKH  ) | |
| ) | |
| Defendants.  ) | |

## **ORDER**

Upon consideration of Defendants' Motion to Amend and Certify Order for Interlocutory Appeal and for Stay of the Proceeding Pending Appeal, ("Defendants' Motion"), and all other relevant papers, it is hereby;

**ORDERED** that Defendants' Motion is hereby granted, and it is further

**ORDERED** that, as the Court's Opinion and Order of August 4, 2022, Slip Op. 22-87 involves a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate appeal from the Order may materially advance the ultimate termination of litigation, the following question of law is hereby certified for immediate appeal pursuant to 28 U.S.C. § 1292(d)(l):

> Whether based on the "discovery rule," the five-year statute of limitations, set forth in 19 U.S.C. § 1621, for commencing a fraudulent civil penalty enforcement action in the United States Court of International Trade brought under 19 U.S.C. § 1592 begins to run from the date the government is sufficiently on notice as to the possibility of fraud to discover its existence with the exercise of due diligence or on the date of documented confirmation of the fraud.

It is **FURTHER ORDERED** that this proceeding shall be stayed until such time as the United States Court of Appeals for the Federal Circuit has ruled upon Defendant's Motion for Interlocutory Appeal and, if applicable, has rendered judgment on the merits of such interlocutory appeal, at which time this Court will issue a new schedule for further action, should such action be warranted.

So ordered.

_____
Jennifer Choe-Groves, Judge

Dated: \_\_, 2022
        New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | Before: Jennifer Choe-Groves, Judge |
| | ) | |
| v. | ) | Court No. 17-00031 |
| | ) | |
| GREENLIGHT ORGANIC, INC., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| PARAMBIR SINGH "SONNY" AULAKH | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' MOTION
TO AMEND AND CERTIFY ORDER FOR INTERLOCUTORY APPEAL AND FOR
STAY OF THE PROCEEDING PENDING APPEAL**

Defendants Greenlight Organic, Inc. and Parambir Singh ("Sonny") Aulakh, respectfully

move this Court to amend its Opinion and Order of August 4, 2022, Slip. Op. 22-87, to include a

statement certifying the Court's ruling on Defendants' Motion for Summary Judgment for

interlocutory appeal pursuant to 28 U.S.C. § 1292(d)(1).  The Court's Opinion and Order

involves a controlling question of law as to which there is substantial ground for difference of

opinion and an immediate appeal from the order may materially advance the ultimate termination

of the litigation. Defendants move the Court to include a provision in its Order certifying the

following controlling question of law for interlocutory appeal in accordance with 28 U.S.C. §

1292(d)(1):

> Whether, based on the "discovery rule," the five-year statute of limitations, set
> forth in 19 U.S.C. § 1621, for commencing a fraudulent civil penalty enforcement
> action in the United States Court of International Trade brought under 19 U.S.C. §
> 1592, begins to run from the date the Government is sufficiently on notice as to the
> possibility of fraud to discover its existence with the exercise of due diligence or

on the date of documented confirmation of the fraud.

Defendants further move the Court to stay the proceeding pending the appeal of said Order to the United States Court of Appeals for the Federal Circuit.

Certification for interlocutory appeal is appropriate. The date on which alleged fraud is discovered and the five-year statute of limitations begins to run for commencing a fraudulent civil penalty enforcement action under 19 U.S.C. § 1592 is a controlling question of law. There is no controlling precedent from the Court of Appeals for the Federal Circuit on this issue in the context of a customs penalty case. The Court's ruling in which it stated that the discovery of fraud may have occurred in February 2012 conflicts with various caselaw, including, among others, *U.S. v. Spanish Foods, Inc.*, 24 C.I.T. 1052, 118 F. Supp. 2d 1293 (2000), *U.S. v. Spanish Foods, Inc.*, 25 C.I.T. 108, 131 F. Supp. 2d 1374 (2001), and with Supreme Court precedent in *Merck & Co. v. Reynolds*, 599 U.S. 633 (2010). Additionally, this Court's ruling is in conflict with Government publications establishing that the statute of limitations begins to run when a formal investigation is opened by ICE and/or CBP.

Accordingly, there is a substantial ground for difference of opinion as to this issue. Immediate interlocutory review addressing this controlling question of law would materially advance the ultimate termination of this litigation. Clarification on this controlling question of law would demonstrate whether this action was time-barred, which is a legal principle that could be determinative of this action, or that could greatly increase the likelihood of settlement. In the absence of such an appeal, there is a risk that the Court will determine the merits of a case after a lengthy jury trial, that was filed after the statute of limitations period expired, wasting judicial and party resources on an action that should have been dismissed. The failure to determine the

controlling question of law as to the date on which the applicable statute of limitations begins to run will significantly delay the resolution of this action.

For these reasons, detailed in the attached memorandum of law in support of this motion, Defendants respectfully request this Court to certify an interlocutory appeal to permit immediate review of the controlling question of law in this case, and to stay the proceeding pending interlocutory appeal to the United States Court of Appeals for the Federal Circuit.

Respectfully submitted,

Attorneys for Defendants Greenlight Organic, Inc. and Parambir Singh ("Sonny") Aulakh:

GRUNFELD, DESIDERIO, LEBOWITZ, SILVERMAN & KLESTADT LLP
599 Lexington Avenue
36th Floor
New York, New York 10022
Tel. (212) 557-4000
RSilverman@GDLSK.com

By:    /s/ Joseph M. Spraragen
          Robert B. Silverman
          Joseph M. Spraragen

Dated:  August 12, 2022
          New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | Before: Jennifer Choe-Groves, Judge |
| | ) | |
| v. | ) | Court No. 17-00031 |
| | ) | |
| GREENLIGHT ORGANIC, INC., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| PARAMBIR SINGH "SONNY" AULAKH | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
TO AMEND AND CERTIFY ORDER FOR INTERLOCUTORY APPEAL AND FOR
STAY OF THE PROCEEDING PENDING APPEAL**

Attorneys for Defendants Greenlight Organic, Inc.
and Parambir Singh ("Sonny") Aulakh:

GRUNFELD, DESIDERIO, LEBOWITZ,
SILVERMAN & KLESTADT LLP
599 Lexington Avenue
36th Floor
New York, New York 10022
Tel. (212) 557-4000
RSilverman@GDLSK.com

By:     /s/ Joseph M. Spraragen
Robert B. Silverman
Joseph M. Spraragen

Dated:  August 12, 2022
New York, New York

## **TABLE OF CONTENTS**

I.    FACTUAL BACKGROUND ................................................................................2

II.   LEGAL BACKGROUND ...............................................................................6

III.  ARGUMENT IN SUPPORT OF CERTIFICATION ……………………………….7

    A.  The Date on Which Fraud is Discovered Under the Discovery Rule
     and the Statute of Limitations Begins to Run is a Controlling Question
    of Law ……………………………………………………………………..7

    B.  There Is Substantial Ground for Difference of Opinion on This Issue……………….8

    C.  Certification of The Interlocutory Appeal Will Advance the Termination
    of this Litigation and Promote Judicial Economy……………………………11

IV.   CONCLUSION………………………………………………………………..12

# TABLE OF AUTHORITIES

## Cases

*Arlenholz v. Bd. Of Tr. Of Univ. of Ill.*, 219 F.3d 674 (7th Cir. 2000) .......................................... 7

*Grp. Italglass U.S.A., Inc. v. United States*, 17 C.I.T. 373 (1993).................................................. 6

*In re Cement Antitrust Litigation*, 673 F.2d 1020 (9th Cir.1981).................................................... 7

*Indus. Quimica Del Nalon, S.A. v. United States*, 732 F. Supp. 1180 (Ct. Int'l Trade 1990) ........ 6

*Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974) .................................................... 7

*Merck & Co, Inc. v. Reynolds*, 559 U.S. 633 (2010) ...................................................................... 9

*Orleans Int'l, Inc. v. United States*, 26 C.I.T. 1016 (2002)............................................................. 6

*U.S. v. $116,000 in United States Currency*, 721 F. Supp. 701 (D.N.J. 1989).............................. 9

*U.S. v. Neman*, 16 C.I.T. 97 (1992) ............................................................................................... 9

*U.S. v. R.I.T.A. Organics, Inc.*, 487 F. Supp. 75 (N.D. Ill. 1980) ............................................. 8, 9

*U.S. v. Shabahang Persian Carpets, Ltd.*, 926 F. Supp. 123 (E.D. Wis. 1996)............................ 9

*U.S. v. Spanish Foods, Inc.*, 24 C.I.T. 1052, 118 F. Supp. 2d 1293 (2000)................................. 9

*U.S. v. Spanish Foods, Inc.*, 25 C.I.T. 108, 131 F. Supp. 2d 1374 (2001)................................ 3, 9

*U.S. v. UPS Customhouse Brokerage, Inc.*, 30 CIT 1612, 1618 (2006).................................... 6, 7

U.S. v. Ziegler Bolt & Parts Co., 19 C.I.T. 13 (1995), *U.S. v. Modes, Inc.*, 16 C.I.T. 97 (1992)... 9

*USEC Inc. v. U.S.*, 27 C.I.T. 1925 (2003) ...................................................................................... 6

## Statutes

19 U.S.C. § 1592 ................................................................................................................. 1, 2, 7, 10

19 U.S.C. § 1621 ................................................................................................................. 2, 7, 8, 10

28 U.S.C. § 1292(d)(1) ............................................................................................................ 1, 6, 7

## Treatises

Wright & Miller, 16 *Fed. Prac. & Proc.* § 3930 (3d ed.)................................................................ 9

UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | Before: Jennifer Choe-Groves, Judge |
| | ) | |
| v. | ) | Court No. 17-00031 |
| | ) | |
| GREENLIGHT ORGANIC, INC., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| PARAMBIR SINGH "SONNY" AULAKH | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
TO AMEND AND CERTIFY ORDER FOR INTERLOCUTORY APPEAL AND FOR
STAY OF THE PROCEEDING PENDING APPEAL**

Defendants Greenlight Organic, Inc. and Parambir Singh ("Sonny") Aulakh, submit this memorandum in support of its motion to amend the Court's Opinion and Order of August 4, 2022, Slip. Op. 22-87, to include a statement that, pursuant to 28 U.S.C. § 1292(d)(1), that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of litigation. Specifically, Defendants move the Court to include a provision in its Order certifying the following controlling question of law for interlocutory appeal in accordance with 28 U.S.C. § 1292(d)(1):

> Whether, based on the "discovery rule," the five-year statute of limitations, set forth in 19 U.S.C. § 1621, for commencing a fraudulent civil penalty enforcement action in the United States Court of International Trade brought under 19 U.S.C. § 1592, begins to run from the date the Government is sufficiently on notice as to the possibility of fraud to discover its existence with the exercise of due diligence or on the date of documented confirmation of the fraud.

Defendants further move the Court to stay the current proceeding pending inclusion and certification of said Order, and appeal thereof to the United States Court of Appeals for the Federal Circuit.

## I.   **FACTUAL BACKGROUND**

On August 4, 2022, the Court issued an opinion denying Defendants' Motion for Summary Judgment ("Defendants' MSJ"), in which Defendants asserted that the Government's claims brought under 19 U.S.C. § 1592 are time-barred by the statute of limitations set forth in 19 U.S.C. § 1621. Slip Op. 22-87, ECF No. 170, at p. 2.[1] The Court's decision recognized that there are issues of fact that are in dispute between the parties. However, we believe that the issues of fact relating to the statute of limitations issue have been resolved and are ripe for a final decision on this issue.

In this regard, as asserted in Defendants' MSJ and as the Court recognized in its Opinion of August 4, 2022, there is a five-year statute of limitations for commencing a fraudulent civil penalty enforcement action brought under 19 U.S.C. § 1592. The statute of limitations is set forth in 19 U.S.C. § 1621, which states that an action must be commenced "within 5 years after the date of the alleged violation, or, if such violation arises out of fraud, within 5 years after the date of discovery of fraud . . . ." "The language 'within 5 years after the date of discover of fraud' invokes the discovery rule, which tolls the statute of limitations period until the date of discovery of fraud." Defs.' Mem. In Supp. of Sum. J., ECF No. 157-1, at 11; Slip Op. 22-87, ECF No. 170, at pp. 8-9.

---

[1] The Court noted in its opinion that this was defendants' third attempt to dismiss this case based on the running of the statute of limitations, but that this was the first motion to be filed on this issue after discovery had been completed. Slip Op. 22-87, ECF No. 170, at p. 2. Now that fact finding is over, this issue is ripe for a decision. Thus, the overarching importance of this issue to this case cannot be underestimated.

In its recent decision, the Court agreed with Defendants that the statute of limitations invokes the discovery rule, under which a customs fraud claim accrues on the date when the Government discovers the fraud. The Court acknowledged that this Court has previously defined the date of discovery of fraud as "the date when the plaintiff first learns of the fraud or is sufficiently on notice as to the possibility of fraud to discover its existence with the exercise of due diligence." Slip Op. 22-87, ECF No. 170, at p. 9 (quoting *United States v. Spanish Foods, Inc.*, 24 CIT 1052, 118 F. Supp. 2d 1293 (2000) (other citations omitted). The Court also summarized *U.S. v. Spanish Foods, Inc.*, 25 C.I.T. 108, 131 F. Supp. 2d 1374 (2001):

> In United States v. Spanish Foods, Inc. ("Spanish Foods II"), 25 CIT 108, 131 F. Supp. 2d 1374 (2001), the court explained, based on the caselaw of various jurisdictions, that "[t]he state of being sufficiently on notice for the purpose of the discovery of fraud has been defined by case law to mean the state at which a party comes to obtain knowledge of the fraud or such information on the basis of which the fraud could be detected with reasonable diligence." 25 CIT at 112–13, 131 F. Supp. 2d at 1378-79.

Slip Op. 22-87, ECF No. 170, at p. 9 (additional citations omitted).

However, the Court went on to state that "certain disputed evidence suggests that discovery of fraud may have occurred in February 2012 when the Government first obtained evidence of double invoicing by Greenlight." This statement contradicts the Court's recognition that the discovery of fraud is the date on which the plaintiff first learns of fraud and discussing undisputed facts that clearly establish that the alleged fraud was discovered in 2011. *Id.* at pp. 10-12, 13. We do not believe that the date claimed by the Government as the "first date of discovery of fraud" is relevant to the statute of limitations issue because the events that occurred in 2011 had already caused the statute of limitations to begin to run.

In this regard, the Court recognized in its Opinion that the following facts as not in dispute:[2]

---

[2] The Court also agreed that by email of October 26, 2011, Customs provided a calculated loss of revenue. Defs.' SMF ¶ 7 (citing Ex. G); Pl.'s SMF ¶¶ B.10, B.14, and that on December 6, 2011, Customs Supervisory Import

1. Leslie Jordan is the principal of Leslie Jordan, Inc. ("LJI"), a business and manufacturer of apparel that was a competitor of Greenlight. The United States'[] Rule 56.3 Statement of Issues of Material Fact ("Pl.'s SMF") ¶ B.1, ECF No. 162- 1; see Defs.' USCIT R. 56.3 Statement of Material Facts Not in Issue ("Defs.' SMF") ¶ 1, ECF No. 157-1.

2. By letter of May 31, 2011, Ms. Jordan sent a "complaint" to US Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), that described Greenlight's alleged misconduct. Defs. SMF ¶ 2 (citing Ex. B); Pl.'s SMF ¶ B.1.

3. In September 2011, HSI Special Agent Sean Lafaurie sought assistance from Customs Regulatory Audit to evaluate the allegations of undervaluation and misclassification. Pl.'s SMF ¶ B.9 (citing Ex. 6); see Defs.' SMF ¶ 5 (citing Ex. E).

4. Customs testing showed that sample merchandise was classified mistakenly as "woven" rather than "knit." Pl.'s SMF ¶ B.13 (citing Soo Hoo Decl. ¶ 5); Defs.'SMF ¶ 7.

5. On December 19, 2011, Customs and HSI interviewed Greenlight officials Monika Gill and Aulakh at Greenlight's office. Defs.' SMF ¶ 17 (citing Exs. L, M); Pl.'s SMF ¶ B.17 (citing Ex. 11). Greenlight was served with a Department of Homeland Security Summons or subpoena, requesting documents including shipping documents, commercial invoices, and receipts of payment related to the importation of goods into the United States. Defs.' SMF ¶ 17 (citing Exs. L, M); Pl.'s SMF ¶ B.17 (citing Ex. 12).

Slip Op. 22-87, ECF No. 170, at pp. 6-8.

In addition to these facts cited by the Court, Defendants assert that based on the record that the following facts are also undisputed:

6. By Letter of May 31, 2011, Ms. Jordan sent Los Angeles Special Agent Scott Smith of ICE, HIS an 11-page "complaint" written on Leslie Jordan Inc. ("LJI") letterhead that described Greenlight's alleged misdescription and undervaluation of imported merchandise, with attached copies of (1) supporting correspondence between LJI and the principals of foreign vendors (One Step Ahead and Wuhan Bizarre) who had sold merchandise to Greenlight and (2) publicly accessed import data from the Panjiva database that identified shipments from those companies to Greenlight. Defs.' SMF ¶ 2 (citing Ex. B); Defs.' Reply to Pl.'s Opp. to Defs.' Mot. for Summ. J., ECF No. 168, at p. 6.

---

Specialist Tonda Fuller issued a Customs Form 28 "Request for Information" to Greenlight, seeking import data. Defs.' SMF ¶ 15 (citing Ex. K); Pl.'s SMF ¶ B.16 (citing Ex. 9). While these facts show activity in the investigation of Greenlight they are not crucial facts in this case.

7. In Ms. Jordan's 11-page "complaint," she stated, "Greenlight requests that factories lower the value of goods on commercial invoices to pay lower duty, and then separately pays the balance to the factory or factory owner."  Defs.' Reply to Pl.'s Opp. to Defs.' Mot. for Summ. J., ECF No. 168, at p. 6. The detailed list of shipments for vendors One Step Ahead and Wuhan Bizarre attached to Ms. Jordan's May 31, 2011 "complaint," include 14 entries from Wuhan Bizarre and 94 entries from One Step Ahead, and together account for 72.97% of the total number of entries in this case. Defs.' Mot. for Summ. J., ECF No. 157-1, at 20.

8. On September 23, 2011, Lafaurie prepared and submitted a "Request for Audit Assistance on Enforcement Activity" in support of ICE criminal investigation on Greenlight to the Office of Regulatory Audit at the U.S. Customs and Border Protection (CBP). **The form requesting the audit assistance states that the audit is requested to support an ICE criminal/civil investigation into Greenlight with respect to misclassification and undervaluation.** Defs.' SMF ¶ 5 (citing Ex. E);

9. By email of October 13, 2011, Agent Lafaurie advised CBP Assistant Field Director of Regulatory Audit Mette R. Tchu and CBP auditor Lorna Louie that ICE officially opened a criminal case again Greenlight and case number LA08CR12LA0011 was assigned to the case. Defs.' SMF ¶ 8 (citing Ex. H).

10. On or before December 19, 2011, CBP regulatory auditor Louie opened a Formal Investigation of Greenlight with respect to misclassification of knit apparel under the tariff codes for woven apparel and the undervaluation of imported apparel, which CBP believed would result in a loss of revenue. Defs.' SMF ¶ 16 (citing Ex. L).

The content of these documents is plain on their face and cannot be denied. Even if we construe these documents in the most favorable light for the Government, the fact remains that the Government cannot deny that these events occurred.  The court states in its opinion that the Government disputes that ICE commenced a criminal investigation of Greenlight in 2011 and that CBP commenced a civil investigation under 19 USC 1592 of Greenlight in 2011[3].  However, the documents that we have included in our motion for summary judgment make it clear that these events occurred in 2011, and the Government's response to Defendants motion for summary judgment does not deny that these events occurred. Accordingly, these facts have

---

[3] Copies of reports of investigation were requested from the Government in discovery, but the Court denied Defendants access to these documents. ECF No. 84 (June 19, 2018).

been admitted.[4] *See* USCIT R. 56 (stating that "[i]f a party fails to properly support an assertion

of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the

court may . . .consider the fact undisputed for purposes of the motion"). Based on controlling

authority these facts are all that are needed for the Court to conclude that the action at bar was

not timely commenced.  And in order to avoid a painful and expensive trial that this issue should

be presented to the Court of Appeals for a decision.


## II.    <u>LEGAL BACKGROUND</u>

Title 28 U.S.C. § 1292(d) permits an appeal of an interlocutory order issued by the U.S.

Court of International Trade ("CIT") where: (1) a controlling question of law is involved; (2)

with respect to which there is substantial ground for difference of opinion; and (3) an immediate

appeal from the order may materially advance the ultimate termination of the litigation. 28

U.S.C. § 1292(d)(l).[5] An application for appeal must then be made to the Federal Circuit within

ten days of entry of such order. *Id.*

---

[4] The Government will have an opportunity to respond to this motion.   If the Government has the temerity to deny that these two investigations were commenced in 2011 in the face of the documents included in this record, then we would like to open discovery again to review this question.

[5] The CIT has certified several orders for interlocutory appeal pursuant to 28 U.S.C. § 1292(d)(1). *U.S. v. UPS Customhouse Brokerage, Inc.*, 30 CIT 1612 (2006) (certifying for interlocutory appeal the defendant's question concerning the interpretation of 19 USC § 1641(b)(4) after denial of the defendant's motion for summary judgment to limit the amount of penalties under such statute); *USEC Inc. v. U.S.,* 27 C.I.T. 1925 (2003) (certifying for interlocutory appeal issues relating to AD/CVD determinations involving low enriched uranium from certain countries); *Orleans Int'l, Inc. v. United States*, 26 C.I.T. 1016 (2002) (holding certification for immediate appeal warranted for question of whether CIT had subject matter jurisdiction over constitutional challenge to Beef Promotion and Research Act); *Grp. Italglass U.S.A., Inc. v. United States*, 17 C.I.T. 373 (1993) (certifying for interlocutory appeal whether the CIT was correct in its interpretation of HTSUS heading 7010); *Indus. Quimica Del Nalon, S.A. v. United States*, 732 F. Supp. 1180 (Ct. Int'l Trade 1990) (certifying for immediate appeal questions concerning verification of certain antidumping duty orders).

### III.   ARGUMENT IN SUPPORT OF CERTIFICATION

**A. The Date on Which Fraud is Discovered Under the Discovery Rule and the Statute of Limitations Begins to Run is a Controlling Question of Law**

For certification for interlocutory review under 28 U.S.C. § 1292(d)(l), there must be a question of law. "A 'question of law' is one involving 'the meaning of a statutory or constitutional provision, regulation, or common law doctrine.'" *U.S. v. UPS Customhouse Brokerage, Inc.*, 30 CIT 1612, 1618 (2006) (quoting *Arlenholz v. Bd. Of Tr. Of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000)). The question Defendants present for certification for interlocutory appeal concerns the meaning of "the discovery rule" language of 19 U.S.C. § 1621 as it relates to the running of the five-year statute of limitations period to bring a fraud action under 19 U.S.C. § 1592. Thus, Defendants' question, which involves the interpretation of statutory language, is clearly a question of law.  *See UPS Customhouse*, 30 CIT at 1618 (finding that a "question of law" was presented where the issue concerned the interpretation of monetary penalty language in 19 U.S.C. § 1641(d)(2)(A)).

The question of law is controlling. A question is controlling "if its incorrect disposition would require reversal of a final judgment, either for further proceedings or for a dismissal that might have been ordered without the ensuing district court proceedings." Wright & Miller, 16 *Fed. Prac. & Proc.* § 3930 (3d ed.)."[T]he order need not be determinative of any of plaintiff's claims on the merits . . . . 'controlling' means serious to the conduct of the litigation, either practically or legally." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974). "[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." *UPS Customhouse*, 30 CIT at 1371 (quoting *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir.1981)). A

determination on the issue for certification – when the date on which the five-year statute of limitations for commencing a fraudulent civil penalty enforcement action in the CIT begins to run - would establish whether Plaintiff timely filed the instant action. If the Court's interpretation of the meaning of "discovery of fraud" in 19 U.S.C. § 1621 is erroneous, such decision would be reversed on final appeal.

**B.  There Is Substantial Ground for Difference of Opinion on This Issue**

As evidenced in Defendants' MSJ (ECF No. 157), Plaintiff's Opposition to Defendants' MSJ (ECF No. 162), and Defendants' Reply to Plaintiff's Opposition to Defendants' MSJ (ECF No. 168), there is clearly a difference of opinion between Defendants and Plaintiff as to the interpretation of the meaning of "discovery of fraud" under 19 U.S.C. § 1621 and consequently as to when the five-year statute of limitations period begins to run. This difference in interpretation is substantial because Plaintiff's interpretation of the discovery rule undermines the purpose of the statute of limitations. As Defendants have argued, [u]nder the Government's interpretation of 1621 there would be no fixed date after which a defendant would no longer be exposed to government enforcement action." Defs.' Rep. to Plaintiff's Opp. To Defs' Motion for Sum. J., ECF No. 168, at p. 14. Under the government's interpretation of the discovery rule, the Government could receive evidence of fraud and sit on it indefinitely before it sought records from the importer to delay the commencement of the running of the statute of limitations. This is not the law. *U.S. v. R.I.T.A. Organics, Inc*., 487 F. Supp. 75 (N.D. Ill. 1980) (stating that the Government's claim that it was unaware of any alleged fraud although it had notice of the falsity of the importer defendant's import documents would "effectively eliminate the 'constructive discovery' face of [the discovery rule]" and that under the Government's interpretation "Customs could be made aware of the falsity of import documents and then sleep on this information

8

virtually forever without risking that the statute of limitations would bar an action under section 592 . . . ."); *see also* discussion in Defs.'MSJ, ECF No. 157, at pp. 35-37.

The Court's ruling in which it stated that the discovery of fraud may have occurred in February 2012 conflicts with various caselaw, including, among others, *U.S. v. Spanish Foods, Inc.*, 24 C.I.T. 1052, 118 F. Supp. 2d 1293 (2000), *U.S. v. Spanish Foods, Inc.*, 25 C.I.T. 108, 131 F. Supp. 2d 1374 (2001), *U.S. v. R.I.T.A. Organics, Inc.*, 487 F. Supp. 75 (N.D. Ill. 1980), *U.S. v. Shabahang Persian Carpets, Ltd.*, 926 F. Supp. 123 (E.D. Wis. 1996), *U.S. v. $116,000 in United States Currency*, 721 F. Supp. 701 (D.N.J. 1989), U.*S. v. Ziegler Bolt & Parts Co.*, 19 C.I.T. 13 (1995), *U.S. v. Modes, Inc.*, 16 C.I.T. 97 (1992), and *U.S. v. Neman*, 16 C.I.T. 97 (1992), and with Supreme Court precedent in *Merck & Co. v. Reynolds*, 599 U.S. 633 (2010). The Supreme Court discussed the discovery rule in *Merck & Co*:

> We recognize that one might read the statutory words "after the discovery of the facts constituting the violation" as referring to the time a plaintiff actually discovered the relevant facts. But in the statute of limitations context, the word "discovery" is often used as a term of art in connection with the "discovery rule," a doctrine that delays actual accrual of a cause of action until the plaintiff ha "discovered" it. **The rule arises in fraud cases as an <u>exception</u> to the general limitation rule that a cause of action accrues once a plaintiff has a "complete and present cause of action." … And for more than a century, courts have understood that "fraud is deemed to be discovered … when, in the exercise of reasonable diligence, it could have been discovered**."

*Merck & Co*, 559 U.S. at 644-645 (emphasis added):

As Defendants discussed in the Reply to Plaintiff's Opposition to Defendant's MSJ, "[t]hese comments are consistent with a number of judicial decisions that describe the 'discovery rule' to include both actual discovery of fraud and identification of information which could result in the discovery of fraud with reasonable due diligence."  Defs' Reply to Plaintiff's Opp. To Defs' Mot. for Summ. J., ECF No. 168, at p. 11. In *U.S. v. Spanish Foods*, 25 CIT at 112-13

"the Court noted, '[t]he state of being sufficiently on notice for the purpose of the discovery of fraud has been defined by case law to mean the state at which a party comes to obtain knowledge of the fraud or such information on the basis of which the fraud could be detected with reasonable diligence.'" *Id*. (quoting *United States v. Spanish Foods, Inc.*, 25 C.I.T. at 112-113).

Additionally, this Court's ruling is in conflict with Government publications, which government agencies are required to follow, establishing that the statute of limitations begins to run when a formal investigation is opened by ICE and/or CBP. *See* Defs' Mot. for Summ. J., ECF No. 157 at pp. 40-44 (citing authority that Government agencies are required to follow their own guidelines and discussing several official DHS publications clearly establishing that the date of discovery occurs when the Government possesses information and knowledge of facts that would lead a prudent person to discover its existence with the exercise of due diligence).

There is no controlling precedent from the Court of Appeals for the Federal Circuit on this issue in the context of a customs penalty case. In its Opinion of August 4, 2022, the Court itself recognized that there is substantial ground for difference of opinion on when the five-year statute of limitations, which invokes the "discovery rule," for commencing a fraudulent enforcement action under 19 U.S.C. § 1592 begins to run. The Court specified that "[t]he statute, regulations, and opinions in the U.S. Court of Appeals for the Federal Circuit do not define discovery of fraud under 19 U.S.C. § 1621(1)." Slip Op. 22-87, ECF No. 170, at p. 9.

Clearly, there is a substantial ground for difference of opinion on the subject question of law.

**C.  Certification of The Interlocutory Appeal Will Advance the Termination of this Litigation and Promote Judicial Economy**

Resolution of the issue on immediate appeal will materially advance ultimate termination of the litigation because it will clarify whether Plaintiff timely filed the action and whether it should be dismissed, thus preventing the unnecessary waste of judicial and party resources in what is sure to be a long and expensive trial if it is found that the Court's decision is incorrect.

Plaintiff has requested a jury trial in this case, which will involve extensive briefing and the evaluation of several complex issues, including (1) proof that each entry covered by this case has misstatements or omissions and proof as to what should have been stated on each entry, (2) whether those misstatements or omissions occurred by result of fraud, (3) which defendant should be culpable of fraud if fraud is found to have occurred, (4) what loss of revenue occurred as a result of these fraudulent misstatements or omissions, (5) what was the domestic value of each of the goods in each of the entries in this case  and (6) what penalty should be imposed on each defendant if culpability is found.

Accordingly, trial on the factual issues of this case will require substantial preparation and expense for both parties that certification for immediate, interlocutory appeal would prevent. In addition, the resolution of this issue in appeal could save the Court from having to devote a significant amount of resources to this case.

IV.   **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court amend its

August 4, 2022 Opinion and Order to include a statement certifying the controlling question of

law in accordance with the attached proposed order for interlocutory appeal. If the Court grants

certification, Defendants further request that the Court stay this proceeding pending the appeal of

the August 4, 2022 Order to the United States Court of Appeals for the Federal Circuit.

Respectfully submitted,

Attorneys for Defendants Greenlight Organic, Inc.
and Parambir Singh ("Sonny") Aulakh:

GRUNFELD, DESIDERIO, LEBOWITZ,
SILVERMAN & KLESTADT LLP
599 Lexington Avenue
36th Floor
New York, New York 10022
Tel. (212) 557-4000
RSilverman@GDLSK.com

By:   /s/ Joseph M. Spraragen
        Robert B. Silverman
        Joseph M. Spraragen

Dated:  August 12, 2022
        New York, New York

## **CERTIFICATE OF COMPLIANCE**

I, Robert Silverman, counsel to defendants, certify that Defendants' Memorandum in Support of its Motion to Amend and Certify Order for Interlocutory Appeal complies with the word count limitation contained in the Chambers Procedure 2(B)(2) of the U.S. Court of International Trade. Based on the word count feature in the word-processing software used, this document contains 4,430 words.

/s/ Robert B. Silverman

Robert B. Silverman

Date:   August 12, 2022

New York, New York