UNITED STATES COURT OF INTERNATIONAL TRADE

UNITED STATES,

Plaintiff,

v.

GREENLIGHT ORGANIC, INC.,

and

PARAMBIR SINGH "SONNY" AULAKH

Defendants.

Before: Jennifer Choe-Groves, Judge

Court No. 17-00031

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR REHEARING, MODIFICATION, AND/OR RECONSIDERATION**

Attorneys for Defendants Greenlight Organic, Inc. and Parambir Singh ("Sonny") Aulakh:

GRUNFELD, DESIDERIO, LEBOWITZ,
SILVERMAN & KLESTADT LLP
599 Lexington Avenue
36th Floor
New York, New York 10022
Tel. (212) 557-4000
RSilverman@GDLSK.com

By: /s/ Joseph M. Spraragen
Robert B. Silverman
Joseph M. Spraragen

Dated: August 25, 2022
New York, New York

**TABLE OF CONTENTS**

I. FACTUAL BACKGROUND……………………………………………………………..1

II. LEGAL BACKGROUND……………………………………………………………...6

III. ARGUMENT IN SUPPORT OF RECONSIDERATION………………………………..8

A. The Record Establishes that the Facts Relating to Events That Occurred in 2011 Concerning the Investigation of Defendants Are Not in Dispute……………………………………………………….…………………8

B. The Government's Reports of Investigation Further Support That the Facts Relating to Events That Occurred in 2011 Concerning the Investigation of Defendants Are Not in Dispute……………………………………………………...11

IV. CONCLUSION…………………………………………………………………….13

# TABLE OF AUTHORITIES

**Cases**

*Home Prods. Int'l, Inc. v. United States*, 837 F. Supp. 2d 1294 (Ct. Int'l Trade 2012).................. 7
*Acquisition 362, LLC v. United States*, 539 F. Supp. 3d 1251 (Ct. Int'l Trade 2021) .................... 6
*Agro Dutch Indus. Ltd. v. United States*, 29 C.I.T. 250 (2005) ..................................................... 7
*Ammex, Inc., v. United States*, 26 CIT 510, 201 F.Supp.2d 1374 (2002) ...................................... 7
*Ford Motor Co. v. United States*, 30 C.I.T. 1587 (2006)............................................................... 7
*Ikea Supply AG v. United States*, 2017 WL 416982, 38 I.T.R.D. 2239 (Jan. 31, 2017)................. 7
*Kerr-McGee Chem. Corp. v. United States*, 14 CIT 582 (1990) .................................................... 6
*NSK Corp. v. United States*, 32 C.I.T. 1497, 593 F. Supp. 2d 1355 (2008) .................................. 7
*Sierra Club v. Chemical Handling Corp.*, 824 F. Supp. 195 (D. Col. 1993)................................. 7
*United States v. Spanish Foods, Inc.*, 25 C.I.T. 108, 131 F. Supp. 2d 1374 (2001) ....................... 2
*United States v. Spanish Foods, Inc.*, 24 CIT 1052, 118 F. Supp. 2d 1293 (2000).................... 2, 9
*United States v. UPS Customhouse Brokerage, Inc.*, 714 F. Supp. 2d 1296 (2010) ...................... 6
*USEC, Inc. v. United States*, 25 C.I.T. 229, 138 F. Supp. 2d 1335 (2001).................................... 7

**Statutes**

19 U.S.C. § 1592............................................................................................ 1, 2, 8, 10, 11
19 U.S.C. § 1621............................................................................................................................ 2

Rules

USCIT R. 59 .............................................................................................................................. 1, 6
USCIT R. 56 ............................................................................................................................... 10

**Regulations**

19 CFR Part 171.............................................................................................................................. 8

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES,<br>Plaintiff,<br>v.<br>GREENLIGHT ORGANIC, INC.,<br>and<br>PARAMBIR SINGH "SONNY" AULAKH<br>Defendants. | Before: Jennifer Choe-Groves, Judge<br>Court No. 17-00031 |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR REHEARING, MODIFICATION, AND/OR RECONSIDERATION**

Defendants Greenlight Organic, Inc. and Parambir Singh ("Sonny") Aulakh, submit this memorandum in support of Defendants' Motion for Rehearing, Modification, and/or Reconsideration of the Court's Opinion and Order of August 4, 2022, Slip. Op. 22-87, denying Defendants' Motion for Summary Judgment, pursuant to Rule 59 of the Rules of the United States Court of International Trade. Defendants further move this Court to grant Defendants' Motion for Summary Judgment.

## I. FACTUAL BACKGROUND

On August 4, 2022, the Court issued an opinion denying Defendants' Motion for Summary Judgment ("Defendants' MSJ"), in which Defendants asserted that the Government's claims brought under 19 U.S.C. § 1592 are time-barred by the statute of limitations set forth in

19 U.S.C. § 1621. Slip Op. 22-87, ECF No. 170, at p. 2.[1] The Court's decision held that there were issues of fact that were in dispute between the parties. However, Defendants submit that the issues of fact relating to the statute of limitations issue are not in dispute and that this issue should resolve this case based on the discovery rule.

In this regard, as asserted in Defendants' MSJ and as the Court recognized in its Opinion of August 4, 2022, there is a five-year statute of limitations for commencing a fraudulent civil penalty enforcement action brought under 19 U.S.C. § 1592. The statute of limitations is set forth in 19 U.S.C. § 1621, which states that an action must be commenced "within 5 years after the date of the alleged violation, or, if such violation arises out of fraud, within 5 years after the date of discovery of fraud . . . ." "The language 'within 5 years after the date of discover of fraud' invokes the discovery rule, which tolls the statute of limitations period until the date of discovery of fraud." Defs.' Mem. In Supp. of Sum. J., ECF No. 157-1, at 11; Slip Op. 22-87, ECF No. 170, at pp. 8-9.

In its recent decision, the Court agreed with Defendants that the statute of limitations invokes the discovery rule, under which a customs fraud claim accrues on the date when the Government discovers the fraud. The Court acknowledged that this Court has previously defined the date of discovery of fraud as "the date when the plaintiff first learns of the fraud or is sufficiently on notice as to the possibility of fraud to discover its existence with the exercise of due diligence." Slip Op. 22-87, ECF No. 170, at p. 9 (quoting *United States v. Spanish Foods, Inc.*, 24 CIT 1052, 118 F. Supp. 2d 1293 (2000) (other citations omitted). The Court also summarized *U.S. v. Spanish Foods, Inc.*, 25 C.I.T. 108, 131 F. Supp. 2d 1374 (2001) as follows:

---

[1] The Court noted in its opinion that this was defendants' third attempt to dismiss this case based on the running of the statute of limitations, but that this was the first motion to be filed on this issue after discovery had been completed. Slip Op. 22-87, ECF No. 170, at p. 2. Now that fact finding is over, this issue is ripe for a decision. Thus, the overarching importance of this issue to this case cannot be underestimated.

> In United States v. Spanish Foods, Inc. ("Spanish Foods II"), 25 CIT 108, 131 F. Supp. 2d 1374 (2001), the court explained, based on the caselaw of various jurisdictions, that "[t]he state of being sufficiently on notice for the purpose of the discovery of fraud has been defined by case law to mean the state at which a party comes to obtain knowledge of the fraud or such information on the basis of which the fraud could be detected with reasonable diligence." 25 CIT at 112–13, 131 F. Supp. 2d at 1378-79.

Slip Op. 22-87, ECF No. 170, at p. 9 (additional citations omitted).

However, when addressing Ms. Leslie Jordan's "complaint" letter of May 31, 2011, the Court incorrectly asserted that "[t]he undisputed facts do not establish that Ms. Jordan's complaint alleged fraudulent intent, and contrary disputed facts suggest that Customs received double invoicing documents in 2012 . . . . the undisputed facts do not establish that discovery of fraud occurred on May 31, 2011, when Ms. Jordan first provided information about Greenlight to the Government." *Id*. at. p. 11. The Court then went on to conclude incorrectly that "[t]he Parties dispute the underlying facts of whether the Government opened a formal criminal case against Greenlight on October 31, 2011, or a formal investigation of Greenlight on December 19, 2011. The Parties also dispute what information the Government knew about Greenlight's fraudulent intent on May 31, 2011, October 31, 2011, and December 19, 2011." *Id*. at p. 12. Finally, the Court went on to state that "certain disputed evidence suggests that discovery of fraud may have occurred in February 2012 when the Government first obtained evidence of double invoicing by Greenlight."

In reaching these conclusions, the Court failed to recognize that the underlying facts relating to the content of Ms. Jordan's 2011 "complaint" and the underlying facts relating to the Government 2011 commencement of formal investigations of Greenlight are not in dispute. There is no doubt that all of these events occurred in 2011. Fraud does not have to be specifically alleged in a complaint; nor do the case agents, auditors, or fines and penalties officers have to

confirm that fraud has occurred before the statute of limitations begins to run. Rather, the law is clear that the statute of limitations in a "Customs Fraud Case" begins to run when the Government receives information which could enable the Government to detect fraud (which is the same as fraudulent intent) with reasonable due diligence. Confirmation of the importer's intent and/or the characterization of misstatements or omissions as "fraud" may occur years after the Government receives information that commenced the running of the statute of limitations. The discovery rule states that the statute begins to run when facts are received by the Government which ultimately result in the conclusion that fraud occurred. The Court should have reviewed the record with the undisputed 2011 facts in mind.

Further, the Court's statements contradict the Court's recognition that the discovery of fraud is the date on which the plaintiff first learns facts which later enable the Government to characterize conduct as fraudulent . *Id.* at pp. 10-12, 13. The date claimed by the Government as the "first date of discovery of fraud" is not relevant to the statute of limitations issue because the events that occurred in 2011 had already caused the statute of limitations to begin to run.

In this regard, the Court recognized in its Opinion that the following facts are not in dispute:[2]

1. Leslie Jordan is the principal of Leslie Jordan, Inc. ("LJI"), a business and manufacturer of apparel that was a competitor of Greenlight. The United States'[] Rule 56.3 Statement of Issues of Material Fact ("Pl.'s SMF") ¶ B.1, ECF No. 162- 1; see Defs.' USCIT R. 56.3 Statement of Material Facts Not in Issue ("Defs.' SMF") ¶ 1, ECF No. 157-1.

2. By letter of May 31, 2011, Ms. Jordan sent a "complaint" to US Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), that described Greenlight's alleged misconduct. Defs. SMF ¶ 2 (citing Ex. B); Pl.'s SMF ¶ B.1.

[2] The Court also agreed that by email of October 26, 2011, Customs provided a calculated loss of revenue. Defs.' SMF ¶ 7 (citing Ex. G); Pl.'s SMF ¶¶ B.10, B.14, and that on December 6, 2011, Customs Supervisory Import Specialist Tonda Fuller issued a Customs Form 28 "Request for Information" to Greenlight, seeking import data. Defs.' SMF ¶ 15 (citing Ex. K); Pl.'s SMF ¶ B.16 (citing Ex. 9). While these facts show activity in the investigation of Greenlight, they are not crucial facts in this case.

3. In September 2011, HSI Special Agent Sean Lafaurie sought assistance from Customs Regulatory Audit to evaluate the allegations of undervaluation and misclassification. Pl.'s SMF ¶ B.9 (citing Ex. 6); see Defs.' SMF ¶ 5 (citing Ex. E).

4. Customs testing showed that sample merchandise was classified mistakenly as "woven" rather than "knit." Pl.'s SMF ¶ B.13 (citing Soo Hoo Decl. ¶ 5); Defs.'SMF ¶ 7.

5. On December 19, 2011, Customs and HSI interviewed Greenlight officials Monika Gill and Aulakh at Greenlight's office. Defs.' SMF ¶ 17 (citing Exs. L, M); Pl.'s SMF ¶ B.17 (citing Ex. 11). Greenlight was served with a Department of Homeland Security Summons or subpoena, requesting documents including shipping documents, commercial invoices, and receipts of payment related to the importation of goods into the United States. Defs.' SMF ¶ 17 (citing Exs. L, M); Pl.'s SMF ¶ B.17 (citing Ex. 12).

Slip Op. 22-87, ECF No. 170, at pp. 6-8.

In addition to these facts cited by the Court, Defendants assert that, based on the record, the following facts are also undisputed and that the Court's failure to find the following undisputed constitutes manifest error:

6. By Letter of May 31, 2011, Ms. Jordan sent Los Angeles Special Agent Scott Smith of ICE, HIS an 11-page "complaint" written on Leslie Jordan Inc. ("LJI") letterhead that described Greenlight's alleged misdescription and undervaluation of imported merchandise, with attached copies of (1) supporting correspondence between LJI and the principals of foreign vendors (One Step Ahead and Wuhan Bizarre) who had sold merchandise to Greenlight and (2) publicly accessed import data from the Panjiva database that identified shipments from those companies to Greenlight. Defs.' SMF ¶ 2 (citing Ex. B); Defs.' Reply to Pl.'s Opp. to Defs.' Mot. for Summ. J., ECF No. 168, at p. 6.

7. In Ms. Jordan's 11-page "complaint," she stated, **"Greenlight requests that factories lower the value of goods on commercial invoices to pay lower duty, and then separately pays the balance to the factory or factory owner."** Defs.' Reply to Pl.'s Opp. to Defs.' Mot. for Summ. J., ECF No. 168, at p. 6. The detailed list of shipments for vendors One Step Ahead and Wuhan Bizarre attached to Ms. Jordan's May 31, 2011 "complaint," include 14 entries from Wuhan Bizarre and 94 entries from One Step Ahead, and together account for 72.97% of the total number of entries in this case. Defs.' Mot. for Summ. J., ECF No. 157-1, at 20. (Emphasis added.)

8. On September 23, 2011, Lafaurie prepared and submitted a "Request for Audit Assistance on Enforcement Activity" in support of ICE criminal investigation on

Greenlight to the Office of Regulatory Audit at the U.S. Customs and Border Protection (CBP). **The form requesting the audit assistance states that the audit is requested to support an ICE criminal/civil investigation into Greenlight with respect to misclassification and undervaluation.** Defs.' SMF ¶ 5 (citing Ex. E);

9. By email of October 13, 2011, Agent Lafaurie advised CBP Assistant Field Director of Regulatory Audit Mette R. Tchu and CBP auditor Lorna Louie that ICE officially opened a criminal case again Greenlight and case number LA08CR12LA0011 was assigned to the case. Defs.' SMF ¶ 8 (citing Ex. H).

10. On or before December 19, 2011, CBP regulatory auditor Louie opened a Formal Investigation of Greenlight with respect to misclassification of knit apparel under the tariff codes for woven apparel and the undervaluation of imported apparel, which CBP believed would result in a loss of revenue. Defs.' SMF ¶ 16 (citing Ex. L).

## II. LEGAL BACKGROUND

Rule 59(a)(1)(B) is the mechanism for requests for reconsideration in this Court. *See Acquisition 362, LLC v. United States*, 539 F. Supp. 3d 1251, 1255 (Ct. Int'l Trade 2021); *United States v. UPS Customhouse Brokerage, Inc.*, 714 F. Supp. 2d 1296, 1300 (2010).[3] Rule 59(a) of the Rules for the United States Court of International Trade permits the Court to, on motion, "grant a new trial or rehearing on all or some of the issues – and to any party . . . after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." USCIT R. 59(a)(1)(B).

The grant of a motion for rehearing, reconsideration or retrial under USCIT R. 59(a) is within the sound discretion of the court. *Kerr-McGee Chem. Corp. v. United States*, 14 CIT 582, 583 (1990); *UPS Customhouse,* 714 F. Supp. at 1300. This Court may grant a Rule 59(a) motion for reconsideration "to address a fundamental or significant flaw in the original proceeding."

[3] In its decision in *UPS Customhouse Brokerage*, granting Plaintiff's motion for certification, the Court indicated that the Plaintiff did not request reconsideration of the Court's decision. This prompted us to file this motion for reconsideration of this Court's order to correct serious factual conclusions included in the order.

*Home Prods. Int'l, Inc. v. United States*, 837 F. Supp. 2d 1294, 1298 (Ct. Int'l Trade 2012) (quoting *USEC, Inc. v. United States*, 25 C.I.T. 229, 230, 138 F. Supp. 2d 1335, 1336 (2001)).

The appropriate grounds for granting a rehearing include "(1) error or irregularity in the trial, (2) a serious evidentiary flaw, (3) a discovery of important new evidence which was not available even to the diligent party at the time of trial, or (4) an occurrence at trial in the nature of an accident or unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case" and must be addressed by the Court. *NSK Corp. v. United States*, 32 C.I.T. 1497, 1503, 593 F. Supp. 2d 1355, 1363 (2008) (quoting *Ammex, Inc., v. United States*, 26 CIT 510, 511, 201 F.Supp.2d 1374, 1375 (2002)). Accordingly, these grounds justifying a grant of a motion to reconsider a judgment include the need to correct a clear factual or legal error and the need to prevent manifest injustice. *NSK Corp.*, 32 C.I.T. at 1501, 593 F. Supp. 2d at 1361 (quoting *Ford Motor Co. v. United States*, 30 C.I.T. 1587, 1588 (2006)); *Sierra Club v. Chemical Handling Corp.*, 824 F. Supp. 195, 196 (D. Col. 1993). The purpose of a motion for rehearing is "to direct the Court's attention to some material matter of law or fact which it has overlooked in deciding a case, and which, had it been given consideration, would probably have brought about a different result." *Ikea Supply AG v. United States*, 2017 WL 416982, 38 I.T.R.D. 2239, at *4 (Jan. 31, 2017) (citations omitted); *Agro Dutch Indus. Ltd. v. United States*, 29 C.I.T. 250, 254 (2005), *rev'd and remanded on other grounds*, 167 F. App'x 202 (Fed. Cir. 2006), *order recalled and vacated sub nom. Argo Dutch Indus. Ltd. v. United States*, 168 F. App'x 963 (Fed. Cir. 2006) (citations omitted).

## III. ARGUMENT IN SUPPORT OF RECONSIDERATION

### A. The Record Establishes that the Facts Relating to Events That Occurred in 2011 Concerning the Investigation of Defendants Are Not in Dispute.

The documents produced and the evidence on the record clearly establish that (1) Ms. Leslie Jordan's "complaint" letter to of May 31, 2011, alleging misdescription and undervaluation of imported merchandise, alleged fraudulent intent (e.g. that these misstatements were made in the entries with the intention of paying lower duties than would have been otherwise due);[4] (2) in 2011 ICE commenced a criminal investigation of Greenlight with respect to misclassification and undervaluation; and that (3) in 2011 CBP commenced a civil investigation under 19 U.S.C. § 1592 with respect to Greenlight's misclassification and undervaluation. Further, Plaintiff failed to produce sufficient evidence to support a dispute as to whether these events occurred in 2011 concerning the investigation of Greenlight for violations relating to misclassification and undervaluation. Thus, the Court's failure to recognize that these facts relating to the discovery of fraud are not in dispute in its Opinion and Order of August 4, 2022 constitutes clear error. We believe that the Court would likely have reached a different result and granted Defendants' MSJ had it considered the undisputed facts establishing that discovery of fraud occurred in 2011.

As discussed above, the Court agreed with Defendants that the applicable statute of limitations for a Section 592 penalty fraud action invokes the discovery rule, under which a customs fraud claim accrues on the date when the Government discovers the fraud, which is "the date when the plaintiff first learns of the fraud or is sufficiently on notice as to the possibility of

[4] For the purposes of 19 U.S.C. § 1592, "[a] violation is determined to be fraudulent if a material false statement, omission, or act in connection with the transaction was committed (or omitted) knowingly, i.e., was done voluntarily and intentionally, as established by clear and convincing evidence." Appendix B, section (C)(3) to 19 CFR Part 171.

fraud to discover its existence with the exercise of due diligence." Slip Op. 22-87, ECF No. 170, at p. 9 (quoting *Spanish Foods, Inc.*, 24 CIT at 1056, 118 F. Supp. 2d at 1297).

However, the Court failed to recognize that the facts establishing the date of discovery under the discovery rule are not in dispute and clearly support a discovery date in 2011. When addressing Ms. Leslie Jordan's "complaint" letter of May 31, 2011, the Court incorrectly concluded that the underlying undisputed facts relating to the complaint do not establish that the complaint alleged fraudulent intent. *Id*. at. p. 11. **The error here is that Ms. Jordan's complaint does not have to establish fraud for the statute of limitations to begin to run, but it only has to provide allegations of misconduct to the Government which could result in fraud to be found with the exercise of due diligence.**

We submit that the content of the documents on the record is plain and cannot be disputed. In particular, Ms. Jordan's 11-page "complaint" of May 31, 2011 provided detailed information describing Greenlight's alleged misdescription and undervaluation of imported merchandise, stating "**Greenlight requests that factories lower the value of goods on commercial invoices to pay lower duty, and then separately pays the balance to the factory or factory owner**." Defs.' Reply to Pl.'s Opp. to Defs.' Mot. for Summ. J., ECF No. 168, at p. 6 (emphasis added). Ms. Jordan's allegations were supported in that she submitted supporting correspondence and detailed import data for vendors One Step Ahead and Wuhan Bizarre. The list of shipments for these two vendors together account for 72.97% of the entries in this case. Defs.' Mot. for Summ. J., ECF No. 157-1, at 20. If this is not an allegation of fraud then none would ever fit the bill.

The Court also states in its Opinion that the Government disputes that ICE commenced a criminal investigation of Greenlight in 2011 and that CBP commenced a civil investigation under

19 USC § 1592 of Greenlight in 2011. *Id*. at 12. However, the documents included in Defendants' MSJ make it clear that these events occurred in 2011,

In this regard , there is no dispute that the Government's own documents state that on September 23, 2011, Agent LaFaurie prepared and submitted a "Request for Audit Assistance on Enforcement Activity" to the CBP Office of Regulatory Audit at CBP, which explicitly stated that ***an audit was requested to support an ICE criminal/civil investigation into Greenlight with respect to misclassification and undervaluation***. Defs.' SMF ¶ 5 (citing Ex. E). Further, on October 13, 2011, Agent Lafaurie advised CBP Assistant Field Director of Regulatory Audit Mette R. Tchu and CBP auditor Lorna Louie that ***ICE officially opened a criminal case against Greenlight*** and specified that ***a case number (LA08CR12LA0011) was assigned***. Defs.' SMF ¶ 8 (citing Ex. H). On December 19, 2011, CBP regulatory auditor Louie opened a Formal Investigation of Greenlight with respect to misclassification of knit apparel under the tariff codes for woven apparel and the undervaluation of imported apparel, which CBP believed would result in a loss of revenue. Defs.' SMF ¶ 16 (citing Ex. L). Based on the Government publications, these 2011 actions confirm that fraud was believed to have occurred. While the Government claims that fraud was confirmed in 2012, the discovery rule provides that the statute of limitations had already begun to run in 2011 when the above undisputed events occurred.

Accordingly, even construing these facts and supporting documents in the most favorable light for the Government, the supporting evidence on the record establishes that these events occurred in 2011. The Government cannot deny that they occurred and they are not in dispute.

Accordingly, these facts are not in dispute and have been admitted.[5] *See* USCIT R. 56

[5] The Government will have an opportunity to respond to this motion. If the Government has the temerity to deny that these two investigations were commenced in 2011 in the face of the documents included in this record, then they will be contradicting all of their own documents. If they do not deny that these events occurred in 2011, then they should be considered to be admitted.

(stating that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . .consider the fact undisputed for purposes of the motion").

The Court's failure to recognize that the dates on which ICE received evidence of alleged fraudulent intent, on which ICE commenced a criminal investigation, and on which CBP commenced a civil investigation under 19 U.S.C. § 1592 are not facts in dispute despite the ample evidence on the record supporting these facts, was, respectfully, a manifest error. This error, if corrected, would lead the Court to reach a different conclusion in its consideration of Defendants' MSJ on the statute of limitations issue.

### B. The Government's Reports of Investigation Further Support That the Facts Relating to Events That Occurred in 2011 Concerning the Investigation of Defendants Are Not in Dispute.

In addition to being supported by the documents on the record and established in Defendants' MSJ, we believe that the facts establishing that events occurred in 2011 which caused the Government to "discover the alleged fraud" are confirmed in the Government's Reports of Investigation relating to Greenlight.

Defendant Greenlight Organic, Inc. ("Greenlight"), through prior counsel, requested the Government to produce its Reports of Investigation in Defendant Greenlight's first and second motions to compel. *See* ECF No. 55, ECF No. 69. Plaintiff failed to produce the reports. On May 21, 2018, Defendant Greenlight requested that the Court conduct an *in camera* review of certain documents over which Plaintiff asserted the deliberative process privilege, including the Reports of Investigation. The Court conducted an *in camera* review and refused to direct Plaintiff to

produce the reports of investigation, denying Defendants access to these documents.[6] *See* ECF No. 84.

In our prior experience in defending importers in Section 592 penalty cases, the Government has produced to counsel the Reports of Investigation relating to the investigation at issue. "Reports of Investigation are typically publicly produced to Defendants in penalty cases and are often filed as exhibits on CM/ECF. Factual information in a Report of Investigation is discoverable." Defendants' Motion to Compel, ECF No. 69, p. 19.

Based on our law firms' collective experience, including that of retired ICE agent, Mr. James McAndrew, we believe that the Reports of Investigation were prepared to report events that took place in 2011 concerning the Greenlight case. These reports of investigation would have confirmed that ICE and CBP opened investigations about the alleged misclassification and undervaluation of Greenlight goods. These reports are likely to have recorded the other events that are set out in the Government documents that have already been included in our MSJ. We believe that the Court was wrong to conclude that these 2011 events are in dispute. A quick review of these Reports of Investigation would eliminate any doubts that these events occurred in 2011.

Once the Court confirms that the facts alleged in Defendants MSJ are not in dispute, then the Court has to apply these facts to the discovery rule. If the Court applies the discovery rule correctly, then Defendants believe that their MSJ will be granted. If the Court continues to conclude that the discovery rule was not triggered by the 2011 events, then we have an issue of law to present to the Court of Appeals for the Federal Circuit for review. It would be a travesty to

[6] Because it has been some time since the Court reviewed the Reports of Investigation and the Court's first review was completed for a different purpose than evidencing the dates on which the Government initiated formal investigations of Greenlight , Defendants request the Court to review these documents again. We believe that this review will enable the Court to confirm the investigatory steps taken by ICE and CBP in 2011.

force the Defendants to endure the emotional strain and expense of a trial when a decision on the merits after trial could be overturned on appeal based on a procedural issue that can easily be resolved beforehand.

Accordingly, this Court's Opinion and Order of August 4, 2022 contains manifest errors inasmuch as it concluded that there is a dispute between the parties on the above facts, which support the commencement of the Government's investigation of Greenlight in 2011. Thus, the Court's decision should be corrected and the Defendants' MSJ granted, as a result of this motion for rehearing.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Motion for Reconsideration and Rehearing of its August 4, 2022 Opinion and Order and amend the undisputed facts identified its Opinion and Order. Defendants further move that the Court grant Defendants' Motion for Summary Judgment, based on the corrected record.

Respectfully submitted,

Attorneys for Defendants Greenlight Organic, Inc. and Parambir Singh ("Sonny") Aulakh:

GRUNFELD, DESIDERIO, LEBOWITZ,
SILVERMAN & KLESTADT LLP
599 Lexington Avenue
36th Floor
New York, New York 10022
Tel. (212) 557-4000
RSilverman@GDLSK.com

By: /s/ Joseph M. Spraragen
Robert B. Silverman
Joseph M. Spraragen

Dated: August 25, 2022
New York, New York

**CERTIFICATE OF COMPLIANCE**

I, Robert Silverman, counsel to defendants, certify that Defendants' Memorandum in Support of its Motion for Rehearing, Modification, and/or Reconsideration complies with the word count limitation contained in the Chambers Procedure 2(B)(2) of the U.S. Court of International Trade. Based on the word count feature in the word-processing software used, this document contains 4,748 words.

/s/ Robert B. Silverman

Robert B. Silverman

Date: August 25, 2022

New York, New York