IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Court No. 17-031 |
| ) | |
| PARAMBIR SINGH "SONNY" AULAKH, and ) | |
| ) | |
| GREENLIGHT ORGANIC, INC., ) | |
| ) | |
| Defendants. ) | |

**THE UNITED STATES' OPPOSITION TO DEFENDANTS'
MOTION TO CERTIFY AN ORDER FOR INTERLOCUTORY APPEAL**

The United States respectfully submits this opposition to the motion to certify an order for interlocutory appeal submitted by defendants PARAMBIR SINGH "SONNY" AULKAH and GREENLIGHT ORGANIC, INC. (Def. Mem.).

The United States filed the original complaint in this case on February 8, 2017, within five years of the Government's discovery of fraud at GREENLIGHT. The Government discovered fraud, at the earliest, on February 9, 2012, when defendants first disclosed invoices reflecting they had submitted false transaction costs to U.S. Customs and Border Protection (CBP) for athletic apparel imported by GREENLIGHT.

To date, defendants have filed multiple motions to summarily dismiss this case, *see* Rec. Doc. 18 & 29, 87, 120, 128, 157, and 172, in all but one arguing that the statute of limitations had lapsed. The Court has rejected this argument repeatedly, explaining each time that dismissal was inappropriate because the date of discovery of fraud was disputed. *E.g.*, Rec. Doc. 96 at 5 ("genuine issues of material fact exist as to when the Government first discovered the fraudulent misclassification and undervaluation."). In its August 4, 2022 opinion, the Court rejected

defendants' argument for the same reason: "The Parties agree upon very few facts and the Court can only consider undisputed facts, not disputed facts, for summary judgment. Determining when a statute of limitations begins to run is a fact-specific inquiry." Rec. Doc. 170 at 13. Notably, the Court's opinion did not pronounce or turn upon a question of law, but rather, upon its recognition that factual disputes remain – factual disputes which would need to be resolved even if the court of appeals were to consider addressing the legal question posed by defendants.

Notwithstanding the Court's fact-contingent reasoning, defendants argue that the Court's August 4 opinion "involves a controlling question of law," Def. Mem. at 1, and ask the Court to certify for appeal a legal question of how to interpret section 1621 of title 19. But as is discussed below, defendants' request for interlocutory review does not meet the standard set by 28 U.S.C. § 1292(d)(1) or the decisions interpreting this statute. An interlocutory appeal is not warranted because the Court's decision presents no "(1) controlling question of law [for] which there is (2) a substantial ground for difference of opinion and (3) that an immediate appeal from that order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(d)(1).

This is a dispute over facts. Defendants' motion should be denied.

## BACKGROUND

The parties have submitted more than 20 pleadings setting forth the facts underlying this matter. As the Court is well familiar with this narrative, this pleading focuses upon the facts underlying the discovery of defendants' fraud at GREENLIGHT.

I.   The Discovery Of Fraud At Greenlight

Important for the purpose of this motion is to disentangle defendants' misleading conflation of two separate sets of events:

The <u>first set of events</u> stems from the Government's receipt in the summer of 2011 of an allegation of a potential violation of a U.S. Customs law by GREENLIGHT. Defendants argue that the Government's receipt of an allegation, and subsequent requests for agency assistance, formation of an investigative team, and/or opening of an investigation, somehow triggered the running of the clock for a fraud claim under section 1592. Def. Mem. at 3-6.

The <u>second event</u> is the Government's *actual discovery* that GREENLIGHT committed fraud. The discovery of *fraud* – as opposed to mere customs violations – occurred, at the earliest, in February 2012 when defendants first disclosed records showing that GREENLIGHT had created two sets of invoices. This was the first evidence uncovered by the Government that GREENLIGHT and its agents made false statements *intentionally – i.e.,* that false statements were made as a result of *fraud*, rather than as a result of negligence, mistake, or clerical error.

II.      <u>The Discovery Of Fraud At Greenlight And Section 1621</u>

Defendants' conflation of these two, distinct events infects their discussion of section 1621 *in nativitate*. The receipt of allegations of violations of customs law, and the Government's efforts to vet allegations, are irrelevant to the date the statute of limitations accrues. Rather, Congress specified that there is one, simple fact to address where fraud is alleged: "the date of discovery of fraud." 19 U.S.C. § 1621; *United States v. Islip,* 18 F. Supp.2d 1047, 1070 (Ct. Int'l Trade 1998) (discussing the 1978 amendment of 19 U.S.C. § 1621: "the limitations period for fraud still commenced on the date of discovery of the fraud[.]").

Section 1621 makes clear that the "date of discovery of fraud," is a purely <u>factual</u> inquiry – the date that fraud was *actually discovered in each case*. The statute does not, as defendants postulate, introduce an abstract legal issue that could be resolved by an appellate court. Rather, the "date of discovery of fraud" is a fact that the jury will decide.

III.   AULAKH And GREENLIGHT's Concealment Of Company Records

Prior to February 9, 2012, the Government had received an allegation of misclassification of athletic apparel and had initiated an inquiry into whether the allegation was true. As part of the inquiry, the Government sought GREENLIGHT's internal records on three separate occasions: First, in November 2011, the Government issued GREENLIGHT a customs summons. Second, on December 6, 2011, CBP sent GREENLIGHT a request for information. Third, on December 19, 2011, Government employees visited GREENLIGHT's offices and again requested that GREENLIGHT turn over its internal records.

The records requested by the Government in late 2011 were routine records of GREENLIGHT transactions – *e.g.*, invoices and purchase orders. At trial, witnesses will testify that GREENLIGHT was required and expected to have these records ready at hand – indeed, many of the transactions had been recently completed in 2011. Nevertheless, defendants waited almost two months – until February 9, 2012 – to submit a partial response. This response included invoices which revealed that GREENLIGHT agents had intentionally submitted falsified values associated with athletic apparel GREENLIGHT imported.

Defendants' delays in producing these records until February 2012 demonstrate why certification is inappropriate. This delayed disclosure delayed the discovery of fraud evidenced by these records, and is relevant to the date when the statute of limitations began to accrue. *See* 19 U.S.C. § 1621 ("the time . . . of any concealment or absence of the property, shall not be reckoned within the 5–year limitations period."). "[T]he statute of limitations is tolled when the misconduct in question 'has been concealed, or is of such character as to conceal itself.'" *Simmons Oil Corp. v. Tesoro Petroleum Corp.*, 86 F.3d 1138, 1142 (Fed. Cir. 1996) (quoting *Bailey v. Glover*, 88 U.S. 342, 349-50 (1874)).

4

In sum, even if the question posed by defendants was certified for appeal, no matter what the court of appeals decided, the matter would be remanded back to this Court so that the jury could assess (1) when the Government discovered fraud at GREENLIGHT, and (2) whether the statute of limitations was tolled by defendants' concealment of GREENLIGHT's records.

## APPLICABLE LAW AND ARGUMENT

I. <u>The Standard For Certifying An Interlocutory Appeal</u>

　A. <u>Interlocutory Appeals Are Rare And Reserved For "Exceptional Cases"</u>

Section 1292(d)(1) of title 28 provides, in relevant part, that this Court may "certify the case for immediate appeal where (1) a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion; and (2) an immediate appeal from that order may materially advance the ultimate termination of the litigation." *Totes-Isotoner Corp. v. United States*, 580 F. Supp. 2d 1371, 1379 (Ct. Int'l Trade 2008); *In re Facebook, Inc. IPO Securities and Derivative Litigation*, 986 F. Supp. 2d 524, 529 (S.D.N.Y. 2014). The party seeking certification bears the burden of establishing each of these requisites. *E.g.*, *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000).

Like other courts, this Court has recognized that, "[i]nterlocutory appeals are a departure from the well-established final judgment rule and are reserved for exceptional cases." *Usinor Industeel, S.A. v. United States*, 215 F. Supp. 2d 1356, 1357 (Ct. Int'l Trade 2002); *Camacho v. P.R. Ports Auth.*, 369 F.3d 570, 573 (1st Cir. 2004) (interlocutory appeals are "hen's-teeth rare"). As the Supreme Court opined, "'interlocutory or 'piecemeal' appeals are disfavored. 'Finality of judgment has been required as a predicate for federal appellate jurisdiction.'" *United States v. MacDonald*, 435 U.S. 850, 853 (1978) (quoting *Abney v. United States*, 431 U.S. 651, 657 (1977)); *In re Facebook*, 986 F. Supp. 2d at 530 ("strongly disfavored in federal practice.").

Defendants' motion elides that the purpose of section 1292 is neither "to review the correctness of an interim ruling," *Marsuda-Rodgers Int'l v. United States*, 13 CIT 886, 888 (1989), nor "to make denials of summary judgment routinely appealable." *Ahrenholz*, 219 F.3d at 676. As the Third Circuit opined, it is "quite apparent from the legislative history . . . that Congress intended that § 1292(b) should be sparingly applied. It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals of interlocutory orders in ordinary litigation." *Milbert v. Bison Labs., Inc.*, 260 F.2d. 431, 433 (3rd Cir. 1958).

B.   Certification Requires A "Pure" Question Of "Controlling Law"

For an issue to be certified for interlocutory appeal, there must be a "pure question of law" and it must be "controlling." *Ahrenholz*, 219 F.3d at 676–77; 28 U.S.C. § 1292(d)(1). A "pure question of law" is "something the court of appeals could decide quickly and cleanly without having to study the record[.]" *Ahrenholz*, 219 F.3d at 676–77. It "has reference to a question of the meaning of a statutory or constitutional provision, regulation or common law doctrine[.]" *Id.* at 676.

A "pure question of law" is "controlling," where, "reversal of the district court's opinion could result in dismissal of the action; reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action; or, the certified issue has precedential value for a large number of cases." *In re Facebook*, 986 F. Supp. 2d at 534 (internal quotation marks omitted); *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1981) (questions of law are "controlling" when they "materially affect the outcome of litigation in the district court").

6

By contrast, "questions regarding application of the appropriate law to the relevant facts are generally not suitable for certification under § 1292(b)." *In re Facebook*, 986 F. Supp.2d at 536; *Fiscus v. Combus Finance AG*, No. 03-1328, 2006 WL 2845736, at *2 (D.N.J. Sept. 28, 2006) ("questions about a district court's application of facts of the case to established legal standards are not controlling questions of law for purposes of Section 1292(b).").

C.  Certification Requires Substantial Ground For Difference Of Opinion

Section 1292 requires that, "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression" in the circuit. *In re Facebook*, 986 F. Supp. 2d at 539. To show that a substantial ground for difference of opinion exists, "a moving party must demonstrate that the court applied one legal standard and that other courts have substantially differed in applying that standard." *Morgan v. Ford Motor Co.,* No. 06-1080, 2007 WL 269806, *3 (D.N.J. Jan. 25, 2007). A mere "disagreement with the court's" decision "does not establish a 'substantial ground for difference of opinion.'" *Totes-Isotoner Corp.*, 580 F. Supp.2d at 1379. Courts will assess whether "controlling law is unclear." *Couch v. Telescope,* 611 F.3d 629, 633 (9th Cir. 2010). However, "just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." *Id*.

D.  Certification Must Materially Advance The Ultimate Termination Of The Litigation

Section 1292(d)(1) requires that the sought interlocutory appeal must "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(d)(1). For this question, "this court must assess the probability that its decision, of which an immediate appeal is sought, is in error as well as the extent to which additional time and expense may be saved by an interlocutory appeal." *Marsuda-Rogers Int'l*, 13 CIT at 887. "The party seeking certification should come

7

forward with something more than mere conjection [*sic*] in support of its claim that certification may save the court and the parties substantial time and expense." *Id.*  Substantial time and expense are *not* saved merely when "litigation of the remaining issues may be completed expeditiously." *United States v. Kingshead Corp.*, 13 CIT 961, 962 (1989).

      E.      Certification Is Inappropriate Where The Trial Court Denies Summary Judgment Because Facts Remain In Dispute

Where summary judgment was denied because material facts remain in dispute, courts have recognized that an interlocutory appeal is inappropriate: "[A] defendant . . . may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson v. Jones*, 515 U.S. 304, 319–20 (1995).  As the Fifth Circuit explained:

> Although this court can review a district court's conclusion that an issue of law is material, we lack jurisdiction to review whether a factual dispute is genuine.  Thus, orders that resolve a fact-related dispute of evidence sufficiency, *i.e.* which facts a party may, or may not, be able to prove at trial are not immediately appealable and must await final judgment.

*Cantu v. Rocha*, 77 F.3d 795, 802 (5th Cir. 1996) (internal quotations omitted); *Fogarty v. Gallegos*, 523 F.3d 1147, 1154 (10th Cir. 2008) ("we are not at liberty to review a district court's factual conclusions, such as the existence of a genuine issue of material fact for a jury to decide, or that a plaintiff's evidence is sufficient to support a particular factual inference."); *Tubar v. Clift*, 2008 WL 1734196, at *1 (9th Cir. 2008) (the existence of "disputed issues of fact . . . generally deprives us of jurisdiction "to consider an interlocutory appeal[]" ).  In fact, "[t]he antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case." *McFarlin v. Conseco Servs.*, 381 F.3d 1251, 1259 (11th Cir. 2004).

II.   Certification For Interlocutory Appeal Is Not Warranted

Defendants seek certification of the following issue for interlocutory appeal:

> Whether, based on the "discovery rule," the five-year statute of limitations, set forth in 19 U.S.C. § 1621, for commencing a fraudulent civil penalty enforcement action in the United States Court of International Trade brought under 19 U.S.C. § 1592, begins to run from the date the Government is sufficiently on notice as to the possibility of fraud to discover its existence with the exercise of due diligence or on the date of documented confirmation of the fraud.

Def. Mem. at 1.  As discussed below, defendants' fail to meet any of the criteria of section 1292.

First, there is no "pure question of law" that is "controlling."  In their motion, defendants omit that the Court's August 4 opinion did not turn upon an interpretation of law.  Rather, the Court denied defendants' summary judgment motion because facts remain in dispute, and the Court "can only consider undisputed facts, not disputed facts, for summary judgment."  Rec. Doc. 170 at 12.  The Supreme Court has disposed of this issue: "[A] defendant . . . may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial."  *Johnson*, 515 U.S. at 319–20.

Indeed, the gravamen of defendants' motion is that they disagree with the Court's assessment that facts remain in dispute.  They argue that the Court should accede to their argument that the receipt of an allegation, or the Government's opening of an investigation, amounted to the "discovery of fraud."  Def. Mem. at 5-6.  However farcical their reading of section 1621, the Court's decision did not depend on it.  Rather, the Court recognized that the date of discovery of fraud was a *factual question* that was disputed.  The Court's decision emitted no "controlling question of law" to be appealed.  *Cantu*, 77 F.3d at 802 (orders that "resolve a fact-related dispute of evidence sufficiency, *i.e.* which facts a party may, or may not, be able to prove at trial are not immediately appealable and must await final judgment.").

9

Defendants subsume to a footnote cases where this Court certified legal issues for interlocutory appeal after summary judgment. Def. Mem. at n.5. Each case is inapt because each presented a pure question of law with no factual dispute.[1] There is no "conflicting authority on the issue," and it is not one of "first impression" in the circuit. *In re Facebook*, 986 F. Supp. 2d at 539. The Court's survey of caselaw tracked a uniform application of law to fact – *i.e.*, discovery of fraud meaning, "the state at which a party comes to obtain knowledge of the fraud." Rec. Doc. 170 at 9. Defendants' "disagreement with the court's" decision "does not establish a 'substantial ground for difference of opinion.'" *Totes-Isotoner Corp.*, 580 F. Supp. 2d at 1379.

Finally, certification would prolong this litigation, not expedite it. However the Federal Circuit interpreted section 1621, it would not apply that interpretation to the facts of this case, which are disputed. Rather, it would remand back to this Court, and the jury would still be left to decide both the date of the Government's "discovery of fraud," and whether GREENLIGHT and AULAKH's concealment of evidence tolled the statute of limitations.

## CONCLUSION

Defendants failed to meet any of the requirements set forth in 19 U.S.C. § 1292(d)(1). An interlocutory appeal is not warranted. The Government respectfully requests that the Court deny defendants' motion.

---

[1] *United States v. UPS Customhouse Brokerage, Inc.,* 464 F. Supp.2d 1364, 1371 (Ct. Int'l Trade 2006) ( the issue, "was limited to the interpretation of the monetary penalty language in § 1641(d)(2)(A)"); *United States v. UPS Customhouse Brokerage, Inc.*, 464 F. Supp.2d 1364, 1376 (Ct. Int'l Trade 2006) (whether 19 U.S.C. § 1641(d) permits CBP to issue more than one penalty notice for a broker's misclassification); *USEC, Inc. v. United States*, 2003 WL 23009264, at *1 (Ct. Int'l Trade 2003) (interpreting the Department of Commerce "tolling" regulation, 19 C.F.R. § 351.401(h)); *Orleans Intern., Inc. v. United States*, 219 F.Supp.2d 1355, 1355 (Ct. Int'l Trade 2002) (whether the Court possess subject matter jurisdiction under to 28 U.S.C. § 1581(i)); *Industrial Quimica Del Nalon, S.A. v. United States*, 732 F.Supp. 1180, 1181 (Ct. Int'l Trade 1990) (interpreting 19 U.S.C. § 1677e(b) and 19 C.F.R. § 353.60(b).

                                              Respectfully submitted,

                                              BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

FRANKLIN E. WHITE, JR.
Assistant Director

<u>William Kanellis</u>
WILLIAM KANELLIS
ASHLEY AKERS
Commercial Litigation Branch
U.S. Department of Justice
1100 L St. NW, 10th Floor
Washington, DC 20530
202 616 0338

Attorneys for Plaintiff

September 1, 2022