IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Court No. 17-031 |
| ) | |
| PARAMBIR SINGH "SONNY" AULAKH, and ) | |
| ) | |
| GREENLIGHT ORGANIC, INC., ) | |
| ) | |
| Defendants. ) | |

**THE UNITED STATES' OPPOSITION TO
DEFENDANTS' MOTION FOR RECONSIDERATION**

The United States respectfully submits this opposition to the motion for rehearing, modification and/or reconsideration (Def. Mot., ECF No. 172) filed by defendants PARAMBIR SINGH "SONNY" AULKAH and GREENLIGHT ORGANIC, INC., purportedly under Rule 59 of the Rules of the United States Court of International Trade (USCIT R.). In their motion, defendants challenge the Court's recent denial of their most recent motion for summary judgment. *See* Opinion and Order (Opinion), August 4, 2022, ECF No. 170. Generally, defendants argue that, contrary to the Court's determination, the material facts are *not* in dispute and that they are entitled to summary judgment based upon the "discovery rule." Def. Mot. at 2. As we explain below, defendants' motion is not well taken and should be denied.

With their latest filing, defendants repeat the same statute-of-limitations argument they have made eight times before in this case. *See* ECF Nos. 89, 94, 98, 128, 130, 157, 167, and 171. The Court rejected this argument each time, explaining that summary disposition was inappropriate because material facts remain in dispute. *E.g.*, Opinion and Order at 5, Nov. 29, 2018, ECF No. 96 ("genuine issues of material fact exist as to when the Government first

discovered the fraudulent misclassification and undervaluation."). Undeterred by the Court's orders, defendants regurgitate this argument once more, citing as their justification Rule 59. But their filing refers to no new facts, cites to no new law, and regards neither a "clear error" nor a "manifest injustice." *Delaware Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (Fed. Cir. 2010) (citation omitted). There is no basis for reconsideration. *Cf.* USCIT R. 54(b). This case must proceed to trial so that the jury may hear evidence relating to defendants' fraud and decide the penalty due.

## I.  **Factual Background**

We have described the facts underlying the Government's discovery of fraud at GREENLIGHT multiple times and the Court is well familiar with them. One description is contained in the opposition to defendant's first motion for summary judgment, filed more than four years ago. ECF No. 91 at 5-10. As the facts have not changed since that filing, we briefly recapitulate them here.

In the summer of 2011, the Government received an allegation of a potential violation of U.S. Customs law by GREENLIGHT. ECF No. 91 at 5-6. From June through December 2011, Government agencies coordinated to (1) determine which agencies and offices would assist in the inquiry; (2) establish an investigative framework, and (3) vet the allegation. *Id.* at 5-8.

Because its initial findings were inconclusive, in late 2011, the Government sought information directly from GREENLIGHT to determine, among other things, whether the alleged violation of U.S. Customs law was intentional. *Id.* at 7-8. In late 2011, the Government (1) sent GREENLIGHT a Request for Information (RFI), (2) served a summons requesting its documents and records, and (3) visited GREENLIGHT's office and interviewed AULAKH and his chief collaborator, Monika Gill, relating to the alleged discrepancies at the company. *Id.* at 9.

Although GREENLIGHT was a small company that operated out of a single office, and had its business records ready at hand, defendants delayed responding to the RFI and the summons until two months after these requests – on February 9, 2012. By March 28, 2012, Greenlight had still not produced all of the documents requested by U.S. Customs and Border Protection (CBP) and Homeland Security Investigations (HSI), including "48% of the entry document (out of 148 entries) and 80% of the supporting records." *Id.* at 11. Even ten years later, defendants still have not disclosed all of the requested records.

The United States discovered evidence of fraud, at the earliest, on February 9, 2012, when defendants first turned over invoices reflecting they had submitted false transaction costs to CBP for athletic apparel imported by GREENLIGHT. During its review of these records, CBP identified two sets of invoices in at least 57 entries, with significant price differences between the different versions of the corresponding invoices. *Id.* These GREENLIGHT records were the first evidence encountered by the Government that the alleged customs violations were *intentional – i.e.,* that GREENLIGHT's false statements were a result of *fraud*, rather than of negligence, mistake, or clerical error.

## II.  Legal Standard For Reconsideration

Defendants ground their motion in Rule 59(a)(1)(B), claiming that it "is the mechanism for requests for reconsideration in this Court." Def. Mot. at 6 (citing *Acquisition 362, LLC v. United States*, 539 F. Supp. 3d 1251, 1255 (Ct. Int'l Trade 2021), and *United States v. UPS Customhouse Brokerage, Inc.*, 714 F. Supp. 2d 1296, 1300 (2010)). Defendants are mistaken: Rule 59 relates to amending final judgments. *See* USCIT R. 59(a)(1) (A) & (B) (noting conditions of "after a trial" or "after a non-jury trial"); *Acquisition 362*, 539 F. Supp. 3d at 1253 (reconsideration after the Court dismissed plaintiff's case); *UPS Customhouse Brokerage, Inc.*,

714 F. Supp.2d at 1299 (reconsideration after final judgment). The Court has issued no final judgment and there has been no trial. Rule 59 does not apply.

Instead, the proper avenue for reconsideration of a non-final order would be through Rule 54(b). *See Dunlap v. Presidential Advisory Commission on Election Integrity*, 319 F. Supp.3d 70, 84 (D.D.C. 2018) (Rule 54(b) applies to "an order that 'adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties.'") (quoting Fed. R. Civ. P. 54(b)).

A motion to reconsider brought under Rule 54(b) may be granted "as justice requires." *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004). The Federal Circuit has discouraged such reconsideration because, "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Dixon v. Shinseki*, 741 F.3d 1367, 1378 (Fed. Cir. 2014) (internal quotation omitted); *see Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995) (rejecting a Rule 54(b) motion as a "second bite at the apple"). Courts have recognized there exist few circumstances under which a party may seek reconsideration: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Collison v. Int'l Chm. Workers Union*, 34 F.3d 233, 236 (4th Cir. 1994). Notably, "a prior decision does not qualify for the third exception by being just maybe or probably wrong; it must strike us as wrong with the force of a five-week-old, unrefrigerated dead fish. It must be dead wrong." *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Virginia, LLC*, 899 F.3d 236, 258 (4th Cir. 2018); *Evans v. Contract Callers, Inc.*, No. 4:10CV2358 FRB, 2012 WL 234653, at *2 (E.D. Mo. Jan. 25, 2012) (a court "should be loathe to [revisit a prior opinion] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice.").

Defendants also err by filing their motion as a dispositive motion rather than a procedural one. Presumably, they did this so that they can justify filing a reply brief. Their motion is not dispositive: It is not for judgment on the pleadings, summary judgment, or "for a final determination of an action." *Cf.* USCIT R. 7(g). It is a procedural motion for reconsideration. Accordingly, defendants may not file a reply without seeking leave of the Court to do so.

**III.  Reconsideration Of The Court's Order Is Not Warranted**

    A.    <u>Defendants Fail To Meet Any Criterion For Reconsideration Under Rule 54(b)</u>

Defendants do not, in their motion, satisfy the standard for reconsideration under Rule 54(b). They do not allege "an intervening change in controlling law," or that there is "new evidence," or that the Court's order contained "a clear error of law" or "manifest injustice." Rather, defendants complain that the Court (1) refused to adopt their factual narrative as "undisputed", and (2) did not apply their interpretation of 19 U.S.C. § 1621 to their narrative. Def. Mot. at 9 ("the Court failed to recognize that the facts establishing the date of discovery under the discovery rule are not in dispute and clearly support a discovery date in 2011."); *Id.* at 11 (the Court "fail[ed] to recognize that [the dates of certain events] are not facts in dispute.). But these objections – essentially, that the Court interpreted the facts incorrectly – would not support reconsideration under Rule 54(b): Defendants dispute the Courts reading of facts, not a "clear error of law." Nor is there a "manifest injustice," as the Court has not impeded defendants' case in any respect. Defendants may still present and prove their case at trial.

The Court should deny defendants' motion for this reason alone.

    B.    <u>The Facts Alleged By Defendants Are Unrelated To Section 1621</u>

Equally as problematic is that the "facts" that defendants insist the Court declare are "undisputed" are not relevant to the question posed by section 1621. A suit alleging fraud under

5

section 1592 of title 19 must be "commenced . . . within 5 years after the date of discovery of fraud." 19 U.S.C. § 1621; *United States v. Islip,* 18 F. Supp.2d 1047, 1070 (Ct. Int'l Trade 1998) ("the limitations period for fraud still commenced on the date of discovery of the fraud[.]"). As is discussed below, defendants' principal error is that they conflate a mere violation of U.S. Customs law with a *fraudulent* violation of U.S. Customs law.

Section 1621 distinguishes between these two types of violations. For a mere violation of U.S. Customs law, rooted in negligence or gross negligence, the statute lapses five years after the entry of the subject merchandise. By contrast, if the violation "arises out of fraud," the statute lapses after five years of "the date of discovery of fraud." 19 U.S.C. § 1621(1). Congress made clear by this textual distinction that a mere "violation" of U.S. Customs law was different than a violation of U.S. Customs law involving "fraud."

The primary difference between a mere violation of customs law and a fraudulent violation is that fraud requires evidence of intent. Thus, "discovery of fraud" requires, at a minimum, discovery of evidence that the alleged violation was *intentional*. The Court recognized this distinction. *See* Order at 11 ("The undisputed facts do not establish that Ms. Jordan's complaint alleged fraudulent intent . . . ."). Defendants, by contrast, ignore this difference and simply announce that a third-party's allegation of a "violation" of customs law at GREENLIGHT amounted to the Government's discovery that the violation was intentional. This error contaminates their entire argument, because they pin their hopes on facts (alleged violations at GREENLIGHT) which are, at most evidence of a violation of U.S. Customs law – not fraud.

D.   Evidence Shows That The "Discovery Of Fraud" At GREENLIGHT Could Not And Did Not Occur Until The Company Disclosed Its Internal Records

Defendants' argue the Court erred by failing to decide that the "date of discovery of fraud" was (1) when the Government received a "Complaint Letter" alleging a customs violation, or (2) when the Government opened an investigation. Def. Mot. at 9-10. "Ms. Jordan's complaint does not have to establish fraud for the statute of limitations to begin to run, but it only has to provide allegations of misconduct to the Government which could result in fraud to be found with the exercise of due diligence." Def. Mot. at 9. Defendants are wrong.

As a general matter, no amount of bold typeface can mask how derisory is the notion that fraud is discovered when an allegation is made or an investigation is opened. As witnesses have attested, trade fraud investigations:

> are extremely complicated and require significant time, often months – if not years – to develop conclusive evidence of fraud. More specifically, duty evasion schemes can be additionally challenging based upon a multitude of factors, including, but not limited to, the inclusion of multiple agencies having interest and jurisdiction over the subject matter, foreign actors who are outside the jurisdiction of the United States, . . . and, most importantly, the difficulty in identifying evidence that could substantiate the allegation.

ECF No. 91 at Ex. 3, para. 3; *see also id.* (discussion of how only a small percentage of allegations eventually become viable investigations). Defendants' revery that fraud is discovered when a mere allegation is received, or at the inception of investigation, exhibits a profound misunderstanding of both Government investigations and the word "fraud."

But no matter how jejune defendants' conception of Federal investigations, that perception is irrelevant to the question of when the statute of limitations began to run in this case. The question of when fraud is discovered in a particular case is not a legal or categorical proposition. It is an actual factual event. This *fact* is determined not by analogizing to events or

7

conjuring a legal rule from facts in other cases, or hypothesizing about what *should have* been done in this case. To the contrary, the "date of discovery of fraud," is the *date* – a fixed moment in time – that fraud was *actually discovered*. And the facts of *this case* reflect that the Government could not ascertain whether there was fraud at GREENLIGHT until it received the company's internal documents in February 2012. Only after GREENLIGHT turned over some of its records did the Government discovered double-invoicing, which amounted to evidence of fraud. *E.g.*, *United States v. Inn Foods, Inc.*, 560 F.3d 1338, 1344 (Fed. Cir. 2009).

Government witnesses have testified, and will testify at trial, that they could not ascertain whether the alleged violations at GREENLIGHT were intentional until they obtained the company's internal records. As one CBP witnesses attested, "[w]e were trying to uncover and substantiate allegations of undervaluation and labelling fraud, and understood that to determine whether fraud existed, we would need to obtain Greenlight's internal documentation." ECF No. 91 at Ex. 5, ¶ 10. Witnesses also explained how, in response to the Government's RFI and summons, GREENLIGHT and AULAKH refused to turn over their records – a refusal that further delayed the Government's ability to assess whether GREENLIGHT's alleged violations were intentional – *i.e.*, fraudulent. *Id.*, Ex. 5 at ¶¶ 12-15; Ex. 3 at ¶ 17.

At trial, witnesses will testify that GREENLIGHT waited until February 9, 2012, to submit a partial response.[1] These records showed that GREENLIGHT agents had created two sets of invoices and had intentionally falsified values of GREENLIGHT imports. These facts

---

[1] Defendants' concealment of these records also tolled the statute of limitations. *See* 19 U.S.C. § 1621 (2) ("the time . . . of any concealment or absence of the property, shall not be reckoned within the 5–year limitations period."). "[T]he statute of limitations is tolled when the misconduct in question 'has been concealed, or is of such character as to conceal itself.'" *Simmons Oil Corp. v. Tesoro Petroleum Corp.*, 86 F.3d 1138, 1142 (Fed. Cir. 1996) (quoting *Bailey v. Glover*, 88 U.S. 342, 349-50 (1874)).

demonstrate that February 9, 2012 was the "date of discovery of fraud." Or at the very least, they confirm the Court's finding that disputed facts remain and that summary judgment was not warranted, and that the Court's Order contained no "clear error of law." *Cf.* USCIT R. 54(b).

## CONCLUSION

Defendants failed to meet any of the requirements for reconsideration of a court order under Rule 54(b). There are no new facts, there is no new law, and the Court's opinion – that facts remain in dispute and will be resolved at trial – represents no clear error or manifest injustice. We respectfully request that the Court deny defendants' motion.

    Respectfully submitted,

    BRIAN M. BOYNTON
    Principal Deputy Assistant Attorney General

    PATRICIA M. McCARTHY
    Director

    FRANKLIN E. WHITE, JR.
    Assistant Director

    WILLIAM KANELLIS
    ASHLEY AKERS
    Commercial Litigation Branch
    U.S. Department of Justice
    1100 L St. NW, 10th Floor
    Washington, DC 20530
    202 616 0338