UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **UNITED STATES,**<br><br>　　Plaintiff,<br><br>v.<br><br>**GREENLIGHT ORGANIC, INC. and PARAMBIR SINGH AULAKH,**<br><br>　　Defendants. | Before:  Jennifer Choe-Groves, Judge<br><br>Court No. 17-00031 |

## ORDER

Before the Court are (1) Defendants' Motion to Amend and Certify Order for Interlocutory Appeal and for Stay of the Proceeding Pending Appeal ("Defendants' Certification Motion"), ECF No. 171; see also Mem. Supp. Defs.' Mot. Amend and Certify Order Interlocutory Appeal and Stay Proceeding Pending Appeal ("Defs.' Cert. Mem."), ECF No. 171, and (2) Defendants' Motion for Rehearing, Modification, and/or Reconsideration ("Defendants' Reconsideration Motion"), ECF No. 172; see also Mem. Supp. Defs.' Mot. Reh'g, Modification, and/or Recons. ("Defs.' Recons. Mem."), ECF No. 172-1.

As to Defendants' Certification Motion, Defendants move pursuant to 28 U.S.C. § 1292(d)(1) for the Court to amend United States v. Greenlight Organic, Inc. ("Greenlight"), 46 CIT __, 586 F. Supp. 3d 1342 (2022), to include certification of the following controlling question of law for interlocutory appeal:

> Whether based on the "discovery rule," the five-year statute of limitations, set forth in 19 U.S.C. § 1621, for commencing a fraudulent civil penalty enforcement action in the United States Court of International Trade brought under 19 U.S.C. § 1592 begins to run from the date the government is sufficiently on notice as to the possibility of fraud to discover its existence with the exercise of due diligence or on the date of documented confirmation of the fraud.

Defs.' Cert. Mot. at 1–2; Defs.' Cert. Mem. at 1–2. Plaintiff argues that the requirements for certification for interlocutory appeal are not met and opposes Defendants' Certification Motion. The United States' Opp'n Defs.' Mot. Certify Order Interlocutory Appeal, ECF No. 173.

Congress created in 28 U.S.C. § 1292(d)(1) a narrow exception to the general rule that federal appellate jurisdiction arises only from a final judgment of a trial court. See 28 U.S.C. § 1292(d)(1); Usinor Industeel, S.A. v. United States, 26 CIT 813, 813, 215 F. Supp. 2d 1356, 1357 (2002). The statute provides that:

> When the chief judge of the Court of International Trade issues an order under the provisions of section 256(b) of this title [28 USCS § 256(b)], or when any judge of the Court of International Trade, in issuing any other interlocutory order, includes in the order a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation, the United States Court of Appeals for the Federal Circuit may, in its discretion, permit an appeal to be taken from such order, if application is made to that Court within ten days after the entry of such order.

28 U.S.C. § 1292(d)(1).

The Court may certify a question for interlocutory appeal when three criteria

are met.  The order sought to be appealed must "(1) involve a controlling question of law (2) with respect to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation."  United States v. UPS Customhouse Brokerage, Inc., 30 CIT 1612, 1618, 464 F. Supp. 2d 1364, 1371 (2006); 28 U.S.C. § 1292(d).  Each element must be satisfied before the Court will certify a question for interlocutory appeal.  See United States v. Kingshead Corp., 13 CIT 961, 962 (1989).

The first element required for certification of a question for interlocutory appeal is that the question involves a "controlling question of law."  28 U.S.C. § 1292(d)(1).  A "question of law" must be the crux of the issue on interlocutory appeal in such a way that the appellate court can "decide quickly and cleanly [the question] without having to study the record."  UPS Customhouse Brokerage, Inc., 30 CIT at 1618, 464 F. Supp. 2d at 1371 (quoting Ahrenholz v. Bd. of Tr. of Univ. of Ill., 219 F.3d 674, 677 (7th Cir. 2000)).

The determination of the date from which the five-year statute of limitations begins to run is not a pure question of law.  As this Court noted in Greenlight, the determination of when a statute of limitations begins to run is a fact-specific inquiry.  46 CIT at __, 586 F. Supp. 3d at 1348 (citing United States v. Spanish Foods, Inc., 24 CIT 1052, 1056, 118 F. Supp. 2d 1293, 1297–98 (2000)).

Defendants claim that the Court's statement that "[contrary] disputed *evidence* suggests that discovery of fraud may have occurred in February 2012 when the Government first obtained evidence of double invoicing by Greenlight," Greenlight, 46 CIT at __, 586 F. Supp. 3d at 1348 (emphasis added), "contradicts the Court's recognition that the discovery of fraud is the date on which the plaintiff first learns of fraud and [Defendants assert that] undisputed facts [] clearly establish that the alleged fraud was discovered in 2011," Defs.' Cert. Mem. at 3. Defendants quote the undisputed facts as determined by the Court in Greenlight and assert that there are additional undisputed facts. Id. at 4–5. Defendants argue that these additional undisputed facts compel the conclusion that this action is time-barred. Id. at 5–6.

Defendants' arguments regarding the undisputed facts and assertions of additional facts reveal that Defendants' disagreement is not with the Court's statement of the law but with the Court's conclusion that there are insufficient undisputed *facts* on which to determine the date of discovery of fraud and that these disputed issues of material fact must be presented to a factfinder. Defendants' reference to the Court's observation regarding remaining disputed facts as the "Court's ruling in which it stated that the discovery of fraud may have occurred in February 2012" and assertion that the Court's observation conflicts with caselaw, id. at 9, do not change Defendants' disagreement with Greenlight

into a question of law. This Court found that there are genuine issues of material fact that must be resolved at trial. Because the proposed question for certification is not purely a question of law and would require the appellate court to review the facts of the case (the findings of fact which are yet to be determined at trial), the first element of interlocutory appeal is not satisfied.

The second element required for certification of a question for interlocutory appeal is that there exists a "substantial ground for difference of opinion." 28 U.S.C. § 1292(d)(1). Rather than presenting a difference of opinion on the law, Defendants expressly *agree* with the Court's statement of the law of the applicable statute of limitations. See Defs.' Cert. Mem. at 2–3 (quoting Greenlight, 46 CIT at __, 586 F. Supp. 3d at 1346–47).

As stated in Greenlight:

> In United States v. Spanish Foods, Inc. ("Spanish Foods I"), 24 CIT 1052, 118 F. Supp. 2d 1293 (2000), the court defined the date of discovery of fraud as "*the date when the plaintiff first learns of the fraud or is sufficiently on notice as to the possibility of fraud to discover its existence with the exercise of due diligence*," 24 CIT at 1056, 118 F. Supp. 2d at 1297 (quoting United States v. Modes, Inc., 16 CIT 879, 887, 804 F. Supp. 360, 368 (1992)) (other citations omitted). In United States v. Spanish Foods, Inc. ("Spanish Foods II"), 25 CIT 108, 131 F. Supp. 2d 1374 (2001), the court explained, based on the caselaw of various jurisdictions, that "[t]he state of being sufficiently on notice for the purpose of the discovery of fraud has been defined by case law to mean the state at which a party comes to obtain knowledge of the fraud or such information on the basis of which the fraud could be detected with reasonable diligence." 25 CIT at 112–13, 131 F. Supp. 2d at 1378–79 (citing Urland v. Merrell-Dow Pharms., Inc., 822 F.2d 1268 (3d Cir.

      1987); Rosner v. Codata Corp., 917 F. Supp. 1009 (S.D.N.Y. 1996); Augusta Bank & Tr. v. Broomfield, 231 Kan. 52, 643 P.2d 100 (Kan. 1982); Salem Sand & Gravel Co. v. Salem, 260 Or. 630, 492 P.2d 271 (Or. 1971)). "Reasonable diligence" does not imply the duty to investigate mere suspicions," but instead provides an inquiry determining "when Customs came in possession of information or knowledge of facts that: (1) amounted to more than a mere suspicion; and (2) could have led a man of ordinary prudence to learn of the fraud or the possibility of fraud under the particular circumstances." Id. at 113, 131 F. Supp. 2d at 1379.

46 CIT at __, 586 F. Supp. 3d at 1346–47 (emphasis added). Using the same language that was included in the Court's statement of the law in Greenlight, Defendants frame the question of law for interlocutory appeal as "whether the statute of limitations set forth in 19 U.S.C. § 1621 begins to run . . . from the date the government *is sufficiently on notice as to the possibility of fraud to discover its existence with the exercise of due diligence* or on the date of documented confirmation of the fraud." Defs.' Cert. Mot. at 1–2 (emphasis added); Defs.' Cert. Mem. at 1; cf. Defs.' [] Reply Pl.'s Resp. Defs.' Mot. Certify an Order Interlocutory Appeal, ECF No. 181 ("whether the statute of limitations set forth in 19 U.S.C. § 1621 begins to run . . . when the fraud is discoverable with due diligence or on the date of actual discovery"). The Court does not perceive a substantial ground for difference of opinion as to the controlling law and the second element of interlocutory appeal is not satisfied.

      The third element required for certification of a question for interlocutory

appeal is that the immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(d)(1).  An interlocutory appeal is appropriate only when it may avoid protracted and expensive litigation and the party seeking the appeal must support its claim that these goals would be satisfied. See Marsuda-Rodgers Int'l v. United States, 13 CIT 886, 887 (1989).

Defendants contends that interlocutory appeal will "clarify whether Plaintiff timely filed the action and whether it should be dismissed" because a "[jury] trial on the factual issues of this case will require substantial preparation and expense for both parties." Defs.' Cert. Mem. at 11.  As explained above, the disputes in this case are factual and must be decided by a factfinder.  An interlocutory appeal on a question of law will not resolve these factual disputes.  The Court is not persuaded that litigation of an interlocutory appeal would ultimately result in a more efficient resolution of this matter.

Defendants have not satisfied the required elements for certification for interlocutory appeal and Defendants' Certification Motion is denied.

As to Defendants' Reconsideration Motion, Defendants move pursuant to USCIT Rule 59(a)(1)(B) for the Court to rehear, modify, or reconsider Greenlight. Defs.' Recons. Mot. at 1; Defs.' Recons. Mem. at 6.  Plaintiff argues that Defendants are attempting to re-raise their statute-of-limitations arguments, despite the lack of a basis for reconsideration, and opposes Defendants' Reconsideration

Motion. The United States' Opp'n Defs.' Mot. Recons. at 2, ECF No. 178.

USCIT Rule 59 addresses motions for a new trial, rehearing, and altering or amending a judgment. USCIT R. 59. As provided in USCIT Rule 59(a)(1)(B):

> The court may, on motion, grant a new trial or rehearing on all or some of the issues—and to any party—as follows:
> . . .
> (B) *after a nonjury trial*, for any reason for which rehearing has heretofore been granted in a suit in equity in federal court.

USCIT R. 59(a)(1)(B) (emphasis added). Defendants request reconsideration of the Court's denial of their motion for summary judgment. Because a nonjury trial has not taken place, USCIT Rule 59(a)(1)(B) does not apply.

The Court may also revise a decision pursuant to USCIT Rule 54(b). USCIT Rule 54(b) provides that "any order or other decision . . . that adjudicates fewer than all the claims . . . does not end the action as to any of the claims . . . and may be revised at any time before the entry of a judgment adjudicating all the claims." USCIT R. 54(b). The Court has discretion to reconsider a prior decision under USCIT Rule 54(b) "as justice requires, meaning when the Court determines that reconsideration is necessary under the relevant circumstances." Irwin Indus. Tool Co. v. United States, 41 CIT __, __, 269 F. Supp. 3d 1294, 1301 (2017), aff'd, 920 F.3d 1356 (Fed. Cir. 2019)). The U.S. Court of Appeals for the Federal Circuit has discouraged reconsideration because "where litigants have once battled for the court's decision, they should neither be required, nor without good reason

permitted, to battle for it again." Dixon v. Shinseki, 741 F.3d 1367, 1378 (Fed. Cir. 2014) (internal quotation marks omitted). The Court will consider Defendants' request under USCIT Rule 54(b).

Defendants assert the existence of additional undisputed facts, which differ from this Court's findings of undisputed facts in Greenlight. Defs.' Recons. Mot. at 8–11. Specifically, Defendants assert that the following additional facts are undisputed: (1) Ms. Leslie Jordan's "complaint" letter of May 31, 2011, alleging misdescription and undervaluation of imported merchandise, alleged fraudulent intent (e.g., that these misstatements were made in the entries with the intention of paying lower duties); (2) in 2011 U.S. Immigration and Customs Enforcement commenced a criminal investigation of Greenlight with respect to misclassification and undervaluation; and (3) in 2011 U.S. Customs and Border Protection commenced a civil investigation under 19 U.S.C. § 1592 with respect to Greenlight's misclassification and undervaluation. Id. at 8. Defendants included these assertions in Defendants' USCIT R. 56.3 Statement of Material Facts Not in Issue ¶¶ 2, 5, 8, 16, ECF No. 157-1, which were previously considered by the Court and determined to be disputed facts. The Court reiterates that the issues of Defendants' fraudulent intent and the Government's knowledge with respect to misclassification, undervaluation, and fraud are disputed facts that must be resolved at trial through the presentation of witness testimony and evidence.

Reconsideration would amount to re-litigation without good reason and the Court denies Defendants' Reconsideration Motion.

Upon consideration of Defendants' Certification Motion, Defendants' Reconsideration Motion, and all other papers and proceedings in this action, it is hereby

**ORDERED** that Defendants' Certification Motion, ECF No. 171, is denied; and it is further

**ORDERED** that Defendants' Reconsideration Motion, ECF No. 172, is denied; and it is further

**ORDERED** that the deadline for a joint proposed pre-trial order (or separate proposed orders) that was ordered in Opinion and Order, ECF No. 170, and stayed by Order, ECF No. 177, is vacated; and it is further

**ORDERED** that the Parties shall file a joint preliminary statement of pretrial issues on or before March 17, 2023.

                                                        /s/ Jennifer Choe-Groves
                                                          Jennifer Choe-Groves, Judge

Dated:    February 16, 2023
            New York, New York